THE STATE v. FOX, *Appellant*.

1. **Practice**: CONTINUANCE. Refusing to grant a continuance, unless arbitrary and prejudicial, is no ground for a reversal of the judgment.

2. ———— : VERDICT. A juror will not be allowed to discredit or impeach his verdict.

*Appeal from Vernon Circuit Court.*—HON. C. G. BURTON, Judge.

AFFIRMED.

*E. E. Kimball* and *D. P. Stratton* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

NORTON, J.—The defendant was indicted on the 24th day of May, 1883, at the May term, 1883, of the circuit court of Vernon county, for murder in the first degree for killing Thomas Howard on the 19th day of May, 1883. Upon this indictment he was arraigned on the 26th day of May, and on the 27th day of May the court assigned counsel to defend him; on the 28th day of May the case was called for trial when defendant filed a motion, accompanied

by affidavit, for a continuance of the cause till the next term of the court.   Upon hearing this application the court continued the cause till the 6th day of June, 1883, when it was called for trial, and both parties announced themselves ready for trial, whereupon a jury was summoned and the cause submitted to them, and they returned a verdict of guilty in the first degree, as charged in the indictment. From the judgment of conviction defendant has appealed, and in the motion for new trial assigns in the motion the following as the reasons why it should be granted : 1st, The action of the court in refusing to grant a continuance till the next term.   2nd, That the jury were allowed to separate.   3rd, That they were improperly influenced in the verdict.

I.   It is so well settled in this State as not to require the citation of authorities to establish it, that the granting

1. PRACTICE: continuance.

of continuances is largely in the discretion of the trial court, and that this court will not interfere in such cases unless such discretion has been exercised arbitrarily and to the prejudice of the party applying for the continuance.   Giving force and effect to the above principle in the present case, we are of the opinion that the court did not, in the disposition of defendant's application, rule either arbitrarily or to defendant's prejudice. The affidavit for continuance discloses the fact that when defendant was arraigned upon the indictment, he pleaded guilty ; that the court refused to receive this plea and directed a plea of not guilty to be entered, and assigned counsel to defend him.   The affidavit, after stating that the counsel had not had time to investigate the case, as the basis for continuance, set forth that defendant, at the time of the killing, was insane and not responsible for his acts; that this fact could be established by certain witnesses (naming them) residing in Audrain county, Missouri; and that, if the cause was continued to the next term of the court the attendance of said witnesses could be procured or their depositions taken.   The record shows that the court con-

tinued the cause on this application till the 6th day of June; that defendant gave notice that he would take the deposition of the witnesses named in the application on the 4th day of June in Mexico, Audrain county; that the prosecuting attorney waived service of notice. It is further shown by the record that on the 4th day of June the attorney of defendant as well as the attorney prosecuting for the State, and also the witnesses named in the application, were in attendance in Mexico, and that defendant's counsel, after talking with the witnesses, declined to take their depositions, and so notified the prosecuting attorney. It further appears that when the cause was called for trial, on the 6th day of June, the time to which it had been continued, defendant announced himself ready for trial. It is apparent, we think, that the action of the court in continuing the cause from the 29th day of May to the 6th day of June was neither arbitrary nor prejudicial to defendant. The continuance was asked to the next term of the court to enable defendant either to procure the attendance of certain named witnesses who resided in Audrain county, or their depositions. By the continuance of the cause till the 6th day of June an opportunity was afforded defendant to take depositions, and although the witnesses were present at the place where the depositions were to be taken, defendant's counsel, after talking with them, declined to examine them, and when the case was called on the 6th day of June the defendant did not renew his application, but on the contrary said he was ready for trial.

II. No warrant is found in the record before us for the second ground relied upon in the motion for new trial.

III. As to the third ground stated in the motion, that the jury were improperly influenced in their verdict, the
2. ——— : verdict.   record shows that two of the jurymen were permitted to state that after they had retired, about ten o'clock at night, to consider of their verdict, and after having been in their room about one hour, and before the final ballot was taken, a rope with a hangman's noose

was thrown by some person unknown through an open window in the room occupied by them. It also further appears that the court then offered to allow defendant's counsel to examine any one or all of the jury as to the effect of this incident. This offer was not accepted. The prosecuting attorney offered to examine the jurors upon the same subject. To this defendant objected, and the court sustained the objection. No principle of law is more firmly established in this State than that the affidavit of jurors will not be received to discredit, impeach or overthrow a verdict returned by them. Nearly all of the authorities to which we have been cited by counsel for defendant recognize the correctness of the principle, and in one of them, the case of *People v. Hartung*, 4 Park. C. R. 315, the court, in speaking of the doctrine, say that it rests upon the clearest principles of public policy. It is infinitely better that the irregularities, which undoubtedly sometimes occur in the jury-room, should be tolerated rather than to throw open the doors and allow every disappointed party to penetrate its secrets. The most enlightened jurists have united in deprecating the mischief which would flow from such a practice. If this sanctuary were to be thrown open and inquisition held upon the conduct of jurors, and the reasons upon which, individually, their verdict was founded, the trial by jury now held in such sacred regard could not long survive the dishonor to which it would inevitably be exposed. The following cases decided by this court announce the doctrine: *Pratte v. Coffman*, 33 Mo. 77; *State v. Branstetter*, 65 Mo. 149; *State v. Alexander*, 66 Mo. 148; *State v. Underwood*, 57 Mo. 40. In the last of the above cited cases it was held that while the affidavit of jurors will not be received to impeach their verdict or to show misconduct, they may testify in support of their verdict that no improper influence was brought to be bear upon them, and that they were not interfered or tampered with. The verdict in this case is sought to be impeached by the fact that the rope was thrown by some person unknown into the jury-

room while they were considering their verdict. The impeaching fact is sought to be established in no other way than by the affidavit or evidence of two of the jurors, and under the rule laid down in the case above referred to, such evidence was not competent to establish such fact.

Perceiving no error in the record, the judgment is hereby affirmed. All concur.