23 523
52 470
23 523
61 626

William McMurdock, Respondent, v. William H. Kimberlin, Appellant.

Kansas City Court of Appeals, December 6, 1886.

1. Practice—Continuance—Order Granting Not Complained of in Motion for New Trial.—Where an order granting a continuance in a cause is not complained of as error in the motion for new trial, the objection to the granting of it cannot be considered in this court.

2. ——— Verdict—Impeachment of by Jurors.—It is a well settled rule in this state that the *affidavit* of *jurors* will not be received to impeach their own verdict. Yet such juror's oath is admissible in *support* of his finding.

3. ——— ——— Paper Found in Jury Room—Whether Cause for Setting Aside Verdict.—A paper found in a jury room, after the jury have left it, upon which twelve different sums, of various amounts, are set down and added together, and the amount dividedt by *twelve*, the quotient being the precise sum for which the verdic was rendered, does not furnish sufficient ground for setting aside the verdict. It cannot be concluded *from this alone*, that each and all of the jurors did not agree to the verdict rendered. In a case for unliquidated damages *the jury* may well adopt the average judgment of them all, as the individual verdict of each.

4. ——— Instruction—Degree of Skill Required by Law from Physicians — Case Adjudged. — In a suit for malpractice, for alleged unskillfulness in the treatment of plaintiff's eye by the defendant, the court, by an instruction, *first* required the jury to find whether the defendant held himself out as possessing a degree of skill and diligence in the treatment of the human eye as high as that possessed by other good good surgeons of the specialty to which defendant belonged, and *if* they so found, and, further, that he did *not* exercise the skill that would ordinarily be exercised by good and careful surgeons, etc., they would find for the plaintiff. *Held*, that the instruction was proper under the evidence in this case.

Appeal from Jackson Circuit Court, Hon. James H. Slover, Judge.

*Affirmed.*

The case is stated in the opinion.

W. C. Stewart, for the appellant.

I. The motion for a continuance ought not to have been sustained, and defendant compelled, when ready for trial, to submit to a continuance or to admit the *affidavit* in evidence. 31 Mo. 462; 28 Mo. 341.

II. The court erred in instructing as to the measure of damages, and is in contradiction of instruction given by the court at request of defendant.

III. The court erred in modifying instructions asked by defendant as to the degree of care, skill and diligence which the law required of defendant to bring to the discharge of his undertaking. The instruction, *as asked*, declared the law. *Small v. Howard*, 128 Mass. 131; *McCandless v. Mc Wha*, 23 Pa. St. 261; *Leighton v. Sargeant*, 7 Foster [27 N. H.] 460; *Howard v. Grant*, 23 Me. 97; *Simons v. Henry*, 39 Me. 7, 155; *Landon v. Humphrey*, 9 Conn. 209; *Utley v. Burnes*, 70 Ill. 162. So as to other instructions fairly stating the responsibility of defendant as implied by the law. Reasonable skill constitutes the measure of the engagement. *Patterson v. Gaudasaqui*, 15 East. 62; *Howard v. Grane*, 15 Shep. 97; *Teft v. Wilcox*, 6 Kan. 61.

IV. The court erred in permitting plaintiff to introduce incompetent evidence, in assuming a certain state of facts by a hypothetical question and allowing the witness to say, in his opinion, whether the treatment was proper and skillful. The *merits* of the issue must always be left to the jury. Starkie on Evid. [9 Ed.] 154; Elwell on Malpractice, 277 ; *Teft v. Wilcox, supra.*

V. The court erred in· *rejecting* evidence offered by defendant, and in refusing to permit defendant to examine plaintiff's eye before the jury, and show therein, by his witness on the stand, the physical facts on which he gave his opinion, and afterward allowing plaintiff to do substantially the same thing through an expert witness.

VI. The court erred in sustaining the verdict of the jury. It was, in law, no verdict at all, as is shown by the *affidavits* of the deputy sheriff, and by seven of the jury.

VII. The court should have granted a new trial.

JOHN W. BEEBE and F. W. RANDOLPH, for the respondent.

I. The granting of continuance was a matter for the sound discretion of the trial court. *Scogin v. Hudspeth,* 3 Mo. 123; *Carpenter v. Myers,* 32 Mo. 213; *The State v. Klinger,* 43 Mo. 127; *Leabo v. Goode,* 67 Mo. 126.

II. The instructions given declared the law properly. The obligation is no more than that physicians will use reasonable care in the treatment of their patients. 2 Chitty on Cont. (11 Am. Ed.) 808; Smith on Negligence, 339; Whart. on Neg., sect. 730. The instructions given for defendant are more favorable than he deserved.

III. A hypothetical question may assume a great variety of forms. They are not objectionable, if within the possible or probable range of the evidence. *Hunt v. Gas Co.,* 8 Allen [Mass.] 169; *Harnett v. Garvey,* 66 N. Y. 641; *Fairchild v. Bascomb,* 35 Vt. 415; *Brown v. Chenorth,* 31 Tex. 439; *Leopold v. Vankirk,* 29 Wis. 548; *Gottlieb v. Hartman,* 3 Col. 58. In any event the objection to the question is too general, and the reviewing court will not consider it. *Clark v. Conway,* 33 Mo. 438; *Matthews v. Lecompte,* 24 Mo. 545.

IV. The affidavit of jurors will not be received to impeach their verdict. Thomp. & M. on Juries, 315; *The State v. Branstetter,* 65 Mo. 149; *The State v. Alexander,* 66 Mo. 148; *The State v. Underwood,* 57 Mo. 40; *Pratt v. Coffman,* 33 Mo. 71; *The State v. Railroad,* 37 Mo. 240. Nor is the paper found in the jury room evidence of misconduct. *Leverett v. The State,* 3 Tex. App. 218; *Railroad v. Wythe,* 51 Ind. 566; *Wiley v. Belfast,* 61 Me. 569. The affidavit of jurors in support of verdict

settled all question as to misconduct. Graham on New Trial, 103, 108.

V. The appeal is wholly without merit.

Ellison, J.—This action is for malpractice.

The petition charges that defendant, holding himself out as a physician and surgeon, undertook to treat the plaintiff's eye, and that he so unskillfully, carelessly, and negligently treated it that plaintiff lost its use, incurring great expense and suffering much pain. The answer admitted defendant was a physician and surgeon, and that he treated plaintiff's eye, but denied the other allegations of the petition.

There was a verdict and judgment for plaintiff for $362.75, and defendant appeals.

Defendant complains here of the action of the trial court in granting a continuance, in giving plaintiff's instructions and refusing a portion of those offered by defendant, in the admission of certain testimony, and in refusing to set aside the verdict for misconduct of the jury.

Defendant does not include the testimony, or any portion of it, nor any statement of its import, in his abstract as presented to us. Some portions of the testimony are set out in his brief and argument, but not in the manner nor in the place required by the rules of this court.

I. The granting of the continuance is not complained of as error in the motion for new trial, and we cannot, therefore, consider the objection made.

In support of the charge of misconduct against the jury the affidavit of Henry Dougherty, deputy sheriff, together with that of several of the jurors, was introduced.

That of Dougherty states that immediately on the return of the verdict, he went to the jury room and found on a table in the room a paper containing the following, the quotient being the exact amount of the verdict rendered, viz. :

$$
\begin{array}{r}
450. \\
1.00 \\
1.00 \\
1.00 \\
500. \\
500. \\
500. \\
400. \\
500. \\
500. \\
500. \\
500. \\
\hline
12)\quad 4353 \\
\hline
\$362.75
\end{array}
$$

One juror deposes that the figures were his, and were made by him near the close of the deliberations of the jury. Others of the jury deposed : "That it is true that after deliberating on the verdict that should be rendered a considerable space of time, and failing to agree, it was suggested by one of the jurymen that each member of the said panel of jurymen put down or declare a sum or amount which he thought the plaintiff should recover against the defendant, provided that no one should put down a figure above five hundred dollars ($500), and that the amounts so declared by the jurymen respectively should be added together, and the sum should be divided by twelve (12); and that the quotient should be the verdict of the jury. That said suggestion was agreed to by all the jurymen respectively, and that in pursuance of said agreement each one did declare a sum, which was marked down on paper, added together and divided as aforesaid; and, that without further vote or agreement, the said quotient or amount so found, to-wit, $36².75, was by said jury returned as their verdict in said cause,

although some one of the jury made the remark: 'So say you all,' which created some merriment; but no vote for or against was expressed, after said amounts were added, and their sum divided by twelve, as above stated."

On the other hand, two of the jurors deposed, "That the method adopted of addition and division was to ascertain the individual views of the jurors, in the first instance; and, that after the result of such method was attained, the jury considered the amount as a proposition and agreed to it individually and collectively, and adopted the same as their proper verdict."

It is a well settled rule in this state that the affidavit of jurors will not be received to impeach their own verdict. *The State v. Fox,* 79 Mo. 109; *The State v. Branstetter,* 65 Mo. 149; *The State v. Dunn,* 80 Mo. 681. In *Pratte v. Coffman* (33 Mo. 71), it is stated that exceptions might be engrafted on this rule in felonies, and it is then said there was no good reason why the affidavit of a juror might not be received in aid of evidence derived from other sources. I consider the remarks of the court in that case as disapproved by later opinions of the same court. Each of the cases cited above were felonies involving "life and liberty," and that of *The State v. Branstetter,* was evidently intended to especially discountenance the statement referred to in *Pratte v. Coffman.* If this rule, so forcibly stated and illustrated in *The State v. Fox* (*supra*), is correct in principle, I am unable to comprehend how the innovation attempted in *Pratte v. Coffman,* can be received. How much and what character of evidence from outside would be necessary as a foundation for "explaining and enlarging" by testimony from inside the jury room, would be a question not easy to determine.

No consideration will, therefore, be given to the affidavits of the jurors in this case which tend to impeach the verdict.

It is insisted, however, that the evidence of the

deputy sheriff is such as to nullify the verdict. He sim-
ply testifies to finding the paper above set out containing,
in the hand of one of the jurors, the figures given.
Conceding the figures on this paper to have been the
act of the jury during their deliberation, I am of the
opinion it is not inconsistent with the finding of a proper
verdict in a proper way.

In a case for unliquidated damage the jury may well
adopt the average judgment of them all as the individual
verdict of each. Not that they can agree beforehand,
without a knowledge of what the result will be, that such
result, to be obtained by the average process, shall, irre-
vocably, be their verdict; this would be in the nature of
a chance verdict, and would not have received the indi-
vidual sanction of each member of the panel. The latter
mode has met the disapproval of the supreme court in
*Sawyer v. Railroad* (37 Mo. 241). But after having seen
the result of the average, they may well adopt it. Where
unliquidated sums are in controversy, it is rare indeed
that a verdict could be obtained except by the compro-
mise of opinion. The great object of a jury considering
a case together is that they may learn each other's views,
some, or even all, surrendering opinions and adopting
others. This paper, then, without more, is not sufficient
to affect the verdict. This precise question arose in
Maine in the case of *Wiley v. Inhabitants of Belfast*
(61 Me. 569), where it was held that "a paper found in
a jury room after the jury have left it, upon which
twelve different sums, ranging from nothing to several
thousand dollars, are set down and added together, and
the amount divided by twelve, the quotient being the
precise sum for which the verdict was rendered, does not
furnish sufficient cause for setting aside the verdict. It
cannot be concluded from this alone that each and all of
the jurors did not agree to the verdict rendered."

Notwithstanding the evidence of a juror will not be
received to impeach his verdict, the return he has made
into court estopping him from saying aught to the con-

trary, yet such juror's oath is admissible in support of his finding. This arises, in part, from the necessity of the case. Were the rule otherwise, the work of a jury would be at the mercy of those of easy conscience, who might wish, from a variety of selfish motives, to thwart justice. *The State v. Underwood*, 57 Mo. 40; *Downer v. Baxter*, 30 Vt. 467; *Dana v. Tucker*, 4 Johns. 487; *Anderson v. The State*, 14 Ga. 709.

In this case we have the affidavit of two jurors, who state that the method adopted was to ascertain the individual views of the jurors, and that *after* the result was announced the jury *considered* the amount and agreed to it as their proper verdict. This mode of arriving at a conclusion is not new in cases of this nature, and has before this received the sanction of the courts. *Railroad v. Myrtle*, 51 Ind. 566; *Forbes v. Howard*, 4 R. I. 364.

II. Objections are made to the instructions given by the court. To that for plaintiff in regard to the measure of damages for the reason that it permitted damages to be assessed which may have been sustained by reason of the "unskillfulness," carelessness or negligence of defendant, when the plaintiff had not charged that defendant was not a skillful oculist.

Unskillfulness, as used in this instruction, does not refer to the knowledge or ignorance of defendant as an oculist, but as to the manner in which he may have treated this particular case.

The court, of its own motion, gave the following instruction :

" The plaintiff in this case sues the defendant as a physician and oculist, for unprofessional treatment of his eye as an oculist ; and the defendant admits that he did treat the plaintiff for a diseased condition of the eye. Now, if you find, from the evidence, that the defendant did, at the time the plaintiff applied to him for such treatment, hold himself out to the public as a specialist in the treatment of the eye, and possessing a degree of skill and diligence in the treatment of the human eye

as high as that possessed by other good surgeons of the specialty to which defendant belongs; and you further find, from the evidence, that the defendant did treat the plaintiff and operate upon his eye, as shown by the evidence, and in so treating plaintiff and operating on his eye, the defendant failed and neglected to exercise such a degree of care, skill and diligence as would ordinarily be exercised and exhibited by good and careful surgeons and oculists when treating and operating in a case similar to that now under investigation; and you further find that by reason of such failure and neglect of defendant, if there was any, the plaintiff was damaged, then you will find for the plaintiff, and assess his damages at such a sum as you may believe, from the whole evidence, he has sustained, not exceeding the amount claimed in the petition. If, on the other hand, you find, from the evidence, that the defendant, as such specialist or oculist, as above stated, undertook to, and did, treat and operate upon the plaintiff's eye, as shown by the evidence, and in so doing did exercise and exhibit such a degree of care, skill and diligence as would ordinarily be exercised and exhibited by good and careful surgeons and oculists when treating and operating in a case similar to the one on trial, then your verdict will be for the defendant."

It is claimed by defendant that this instruction sets up a higher degree of care and skill than is justified by the law. It would perhaps be a sufficient reply to this to say that it only requires defendant shall be held to that degree of skill which he held himself out as possessing. For it will be noticed that the court first requires the jury to find the defendant held himself out as "possessing a degree of skill and diligence in the treatment of the human eye as high as that possessed by other good surgeons of the specialty to which defendant belonged."

And if they so found, and further, that he did *not* exercise the skill that would ordinarily be exercised by good and careful surgeons, etc., they would find for the

plaintiff. The instruction was proper, under the evidence in this cause. Wharton on Negligence, sect. 730.

There are many other points of objection to the action of the trial court which have been much elaborated by defendant, and which we have examined, but we perceive no error "materially affecting the merits of the action," and we affirm the judgment. All concur.