The State v. Rush.

## THE STATE v. RUSH, *Appellant.*

95 199
96 551
95 199
100 109
95 199
101 380
95 199
106 126
95 199
112 295
95 199
113 247
116 107
95 199
61a 626
95 199
132 183
95 199
80a 569
95 199
102a 7567

1. **Criminal Law:** ROBBERY: DESCRIPTION OF MONEY: INDICT-MENT. The description, in an indictment for robbery, of the money charged to have been taken, as "one piece of current gold coin of American coinage of the value of ten dollars, and three pieces of current gold coin of American coinage of the value of five dollars each, and four genuine United States legal tender notes, commonly called greenbacks, of the value of twenty dollars each," is sufficient.

2. ————: EVIDENCE: CONFESSIONS. The admissions of a defendant to an officer having him in charge are competent evidence against him, where it appears that they were not induced by any promise of benefit or favor, or threat of disfavor, or intimidation connected with the subject of the charge, made or held out by such officer.

3. ———— : ———— : ————. Such confession would be competent, although obtained by artifice.

4. ———— : ———— : ———— : PRACTICE. Such admissions should not be excluded by instruction upon the ground that the defendant, in his testimony before the jury, stated that they were obtained by promises of favor from the officer. The defendant having failed to proffer his evidence upon this point when the preliminary question of competency was before the court, cannot raise the issue again in his testimony before the jury.

5. ———— : FLIGHT: PRESUMPTION. The evidence in this case held sufficient to justify the giving of an instruction upon the presumption of guilt arising from flight.

6. ———— : SEPARATION OF JURY. The facts in this case held not to show a separation of the jury or any improper communication with them, after they had been placed in charge of an officer to consider of their verdict.

7. ———— : VERDICT, IMPEACHMENT OF BY JURORS. Jurors will not be permitted to impeach their own verdict either directly by their own affidavit or evidence, or indirectly by the affidavit of others deposing to declarations made by jurors to them after the verdict was rendered.

8. ———— : ————. The affidavit of a juror may be received to explain or contradict evidence tending to impeach the verdict.

9. ────: WITNESS, CREDIBILITY OF. The fact that a witness is to receive a reward in the event of conviction in a criminal case does not disqualify him as a witness, but only affects his credibility.

10. ────: PRACTICE: TRIAL BY REGULAR PANEL: PRESUMPTION. In the absence of anything in the record to the contrary, it will be presumed that a cause was tried by the regular panel, drawn and summoned in the manner provided by law, and not by a special jury selected by the sheriff.

*Appeal from Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

AFFIRMED.

*T. B. Haughawout* for appellant.

(1) Defendant's motion to quash the indictment should have been sustained; the description of the money therein was not sufficient. *State v. Kroeger,* 47 Mo. 530, and cases therein cited. (2) The court should not have permitted the state to take a severance in the cause, and then permitted Bailey and Pike to use statements made to them by Beard, the co-defendant, under promise made to Beard that he would not be prosecuted, as a key by which they could open the heart of the defendant and obtain from him the pretended confession. 1 Bish. Crim. Proc. 962 ; 15 Mo. 28 ; *Fitzgerald v. State,* 14 Mo. 413 ; *State v. Underwood,* 57 Mo. 40. (3) The admissions or confessions of defendant, as testified to by sheriff Bailey and detective Pike were not admissible. *State v. Gorman,* 64 Mo. 526 ; *State v. Simons,* 50 Mo. 368 ; *State v. Hager,* 50 Mo. 192. (4) A new trial should have been granted because of the misconduct of the sheriff having the jury in charge. *State v. Murray,* 91 Mo. 95, and cas. cit. (5) A new trial should have been granted because the court did not instruct upon all the law in the case. *State v. Palmer,* 88 Mo. 568 ; *State v. Bank,* 73 Mo. 592. (6) A

new trial should have been granted because of the misconduct of the jury.

*B. G. Boone*, Attorney General, for the state.

(1) The description of the money in the indictment is sufficient. R. S., sec 1817; *State v. Burnett*, 81 Mo. 119. (2) The confessions and statements of defendant were competent. *State v. Simons*, 50 Mo. 370; *State v. Hagan*, 54 Mo. 192; *State v. Jones*, 54 Mo. 478; *State v. Carlisle*, 57 Mo. 102; *State v. Guy*, 69 Mo. 430; *State v. Phelps*, 74 Mo. 128; *State v. Patterson*, 73 Mo. 695; *State v. Hopkirk*, 84 Mo. 278; *State v. Fredericks*, 85 Mo. 145. (3) The separation of the jury was not such as to justify a reversal. *State v. Collins*, 86 Mo. 245; *State v. Payton*, 90 Mo. 220; *State v. Washburn*, 91 Mo. 571. (4) Where affidavits are filed in support of and against the motion for a new trial this court will not interfere with the discretion of the trial court in refusing to grant it unless it appears that defendant has been prejudiced. *State v. Griffith*, 63 Mo. 545. (5) (*a*) Jurors will not be permitted to impeach their own verdict. *State v. Branstetter*, 65 Mo. 149; *State v. Alexander*, 66 Mo. 148; *State v. Shock*, 68 Mo. 552; *State v. Dieckmann*, 75 Mo. 570; *State v. Fox*, 79 Mo. 109; *State v. Dunn*, 80 Mo. 681. (*b*) Testimony as to jurors' declarations, made after the trial, will not be received to show misconduct. *State v. Deickmann*, *supra;* *State v. Cooper*, 85 Mo. 256. (*c*) A juror's testimony is admissible to support the verdict. *State v. Underwood*, 57 Mo. 40.

BRACE, J.—The defendant was jointly indicted in the circuit court of Jasper county with one Seth Beard for the crime of robbery in the first degree, and on his motion was granted a separate trial; his motion to quash the indictment having been overruled, he was tried, found guilty, and his punishment assessed at imprison-

The State v. Rush.

ment in the penitentiary for a term of ten years, and he was sentenced accordingly; his motion for new trial and in arrest of judgment having been overruled he appealed, and assigns for error that the court overruled his motion to quash the indictment, admitted incompetent evidence, refused proper and gave improper instructions, failed to declare all the law of the case, and refused to grant a new trial for the improper conduct of the sheriff and the jury.

I.   The motion to quash was properly overruled. The offence was well charged. The money charged to have been taken was described as "one piece of current gold coin of American coinage of the value of ten dollars, and three pieces of current gold coin of American coinage of the value of five dollars each, and four genuine United States legal tender notes, commonly called greenbacks, of the value of twenty dollars each." A description in terms much more general would have been sufficient under the statute. R. S., 1879, sec. 1817; *State v. Burnett*, 81 Mo. 119.

II.   Sheriff Bailey, sworn as a witness on behalf of the state, was permitted, over the objections of the defendant, to testify to a conversation he had with the defendant in which he made certain criminating admissions, after answering as follows to preliminary questions: Q. "Did you have the defendant in your custody at that time? A. Yes." Q. "Was that confession about getting the money from Pirtle made after you had told Rush that Seth Beard had given him away? A. Yes." E. S. Pike, who arrested the defendant in Kansas and brought him back to Jasper county, was present at the same conversation and testified in regard to it. He was also permitted to testify, over the objection of the defendant, to the following conversation had with defendant on the way back: "I told him I was satisfied that he was connected with the case, and he said he was not guilty himself, but knew who was."

These admissions of the defendant were made to an officer having him in custody, but it appearing that they were not induced by any promise of benefit or favor, or threat of disfavor, or intimidation, connected with the subject of the charge, made or held out by such officer, such admissions were voluntary and admissible in evidence. *State v. Simon*, 50 Mo. 370. It does not appear whether the statement made by the sheriff, "that Seth Beard had given him away," was true or false, but even if it was false and the defendant made the admissions under the mistaken supposition that the co-defendant had divulged facts in relation to the crime, this would not have rendered them inadmissible. *State v. Jones*, 54 Mo. 478; *State v. Phelps*, 74 Mo. 128.

The fact that the defendant, when he came to testify in his own behalf before the jury, gave a different version of the conversation, testifying that Bailey, the sheriff, told him that "he had just as well give up about the case; that Seth Beard had told it all; * * * we don't want to send you over the road, but want to send Seth Beard," afforded no grounds for excluding the admissions testified to by Bailey and Pike as the court was asked to do by defendant's instruction number eight, the refusal of which is complained of as error. If the defendant desired to have his testimony considered by the court in determining the question whether his admissions about to be testified to by Bailey and Pike were voluntary, he should have proffered his evidence when that preliminary question was being tried by the court. Having declined to do so, he could not raise that issue again upon his own evidence on the trial before the jury and ask the court to pass upon it the second time by way of instruction, and if it was error, as is contended, for the court, after having decided that issue upon the evidence before the court when it was being tried, afterwards to submit it to the jury upon all the evidence in the case, as was done in instruction number

five, it was an error in favor of the defendant of which he ought not to be heard to complain.

III.    It is urged for reversal that the court failed to instruct the jury on the whole law of the case, but counsel have not pointed out, nor have we been able to discover, wherein such failure consists.    It is also contended that there was no evidence upon which to base the instruction in regard to the presumption arising in case of flight, although the defendant was confessedly present when the crowd was standing around Pirtle just after the robbery occurred discussing it, and heard that a man had been robbed ; that it was shown he was not again seen in the city until he was brought back from Kansas on requisition a year afterwards ; that during the period intervening the sheriff had a writ for his arrest in his hands ; that a reward was offered and that he and the police officers were searching for him, but could not find him ; that, when the sheriff asked him where he had been and said, "you gave us quite a chase," he made no answer to the question, and gave no account of his absence, nor did he choose to do so when testifying as a witness.    The evidence was sufficient to warrant the instruction, its weight was for the jury. The *corpus delicti* was fully proven if the jury believed the testimony of the prosecuting witness and they were the exclusive judges of his credibility.

IV.    The improper conduct of the sheriff complained of is, that he permitted the jury to separate after they had been placed in his charge to consider of their verdict, and permitted improper communication with them. The only communication shown between the jury and the sheriff or any one else is, that the sheriff, at their request and cost, furnished them some cigars, and that another by his direction got some soap and a towel and threw them in the hall leading to the jury-room when some of the jury were in the hall, and some in the room, the door being open between.    The only separation shown

is, that the jury being in the yard, some of their number went into the privy while the others remained outside. There is nothing in these complaints.

V. To impeach the conduct of one of the members of the jury, the defendant introduced the affidavits of two witnesses, Kingston and Gray. Kingston deposed that while the jury were deliberating in their room over the sheriff's office he stopped on the street below and listened, and "heard one of the jurymen talking whose voice sounded like that of Isaiah Driesbach, who seemed to be talking to the balance of said jurors; heard him say, 'I know the defendant, George Rush; he ought to be sent up on general principles; it has been but a short time since he was arrested for knocking a man down on the railroad east of Carthage; he has a bad reputation in Carthage; his own people has forsaken him, and he ought to be sent to the penitentiary.'" Gray deposed that in a conversation with Driesbach after the trial, in reply to a remark of Gray's "that he (Gray) didn't believe the man had ever been robbed," Driesbach said, "don't make any difference, Rush ought to have been sent up on general principles." To rebut these affidavits, on the hearing of the motion for a new trial, the state introduced juror Driesbach, who, being sworn, testified (over the objections of defendant) that he made no such statements as contained in the affidavits of Kingston and Gray. The defendant asked leave to put other members of the jury on the witness-stand to prove that such statements were made in the jury-room, to which the state objected, and the objection was sustained.

It is settled law in this state that jurors will not be permitted to impeach their own verdict, either directly by their own affidavit or evidence, or indirectly by the affidavit of others deposing to declarations made by jurors to them after the verdict was rendered. *State v. Cooper*, 85 Mo. 256; *State v. Dunn*, 80 Mo. 681; *State v. Fox*, 79 Mo. 109. This rule disposes of the affidavit of

Gray, and the exception to the refusal of the court to permit jurors to be examined as to statements made in the jury-room in impeachment of their verdict. As to the affidavit of Kingston tending to prove the juror Driesbach made the statements therein contained, the juror on oath positively denied that he made the statements attributed to him by the affiant, and on general principles, the oath of a juror ought to go as far as that of an eavesdropper. His testimony disclosing nothing in regard to the deliberation of the jury while in the jury-room, but confined simply to a contradiction of the statement that he made the declarations attributed to him by an outsider, was admissible. *State v. Underwood*, 57 Mo. 40; *Woodward v. Leavitt*, 107 Mass. 453. And we cannot say that the court committed error in refusing to grant a new trial upon the unsupported evidence of the affiant in this case, in the teeth of the juror's denial.

VI. The interest of the witness Pike in the result of the trial, by reason of the fact that he was to get a reward in case of conviction, did not disqualify him as a witness. It went to his credit only with the jury. And the prejudice of Bailey, the sheriff, which was not manifested in a word or act calculated to prejudice the defendant with the jury, or affect their verdict, could afford no ground for a new trial. In the absence of anything in the record to the contrary, it is to be presumed that the case was tried before the regular panel, drawn and summoned in the manner provided by law, and not before a special jury selected by the sheriff.

On the whole record we find no reversible error, and the judgment is affirmed. All concur.