J. N. WINN, Respondent, v. WATSON REED, Appellant.

### Kansas City Court of Appeals, April 1, 1895.

1. **Trial Practice:** CONTINUANCE: AFFIDAVIT. At the trial, plaintiff offered evidence impeaching defendant's reputation for truth and veracity. Thereupon, defendant asked a continuance until the next day in order to obtain evidence establishing his good reputation. He filed no affidavit of surprise nor did he ask for a continuance beyond the term. His request was refused. *Held*, not a case authorizing the appellate court to interfere with the discretion of the trial court, as the introduction of impeaching testimony is not, of itself, a matter of surprise.

2. ———: JUROR IMPEACHING VERDICT: RULE. Whatever may be the rule in other jurisdictions as to a juror impeaching his verdict, when the misconduct is susceptible of being disproved by the testimony of other jurors, the rule in this state is that a juror can not impeach his own verdict, though his evidence is competent to sustain it, and the above distinction does not obtain here.

3. ———: ———: AFFIDAVIT WITHOUT OBJECTION. At the trial of a motion for a new trial, the affidavit of an intimidated juror was admitted without objection. *Held*, being so admitted, it had probative force and should be considered; and, as it was unquestioned and uncontradicted when it could have been contradicted if it was untrue, a new trial should have been granted.

*Appeal from the Platte Circuit Court.*—HON. WM. S. HERNDON, Judge.

REVERSED AND REMANDED (*with directions*).

*E. C. Hall* for appellant.

(1) The court erred in refusing to grant defendant time in which to procure testimony to meet the evidence of plaintiff against the reputation and character of the defendant. Defendant made the situation known to the court instantly and asked for a reasonable postponement to enable him to produce the countervailing proof. *Dalton v. Shaffner*, 38 Mo. App. 165; *Bragg v. Moberly*, 17 Mo. App. 221. (2) The court erred in refusing a new trial on account of newly discovered evidence. The new evidence was not cumulative. (3) The jury was guilty of misconduct and a new trial should have been awarded. *Perry v. Bailey*, 12 Kan. 415; *Johnson v. Husband*, 22 Kan. 197; *State v. Clark*, 34 Kan. 289; 41 Fed. Rep. 676; R. S. 1889, sec. 2241; *U. S. v. Reid*, 12 How. 361; 2 Thompson on Trials, sec. 2617, and sec. 2627, etc.; *Wright v. Co.*, 20 Iowa, 195; *Mattox v. U. S.*, 146 U. S. 140. The defendant had no reason to suppose that an attack would be made on his reputation and could not

be expected to bring a lot of unnecessary witnesses and thus entail costs. If such an attack had been made at the first trial, he would have been warned in time. The affidavits in support of the motion for new trial show that the defendant could easily have produced the countervailing testimony necessary. When courts of justice will permit jurors to be coerced into verdicts, then anarchy is best. The names of the jurors guilty of misconduct were given, but the plaintiff did not produce their affidavits refuting it. Therefore, having made no objection to the introduction of the affidavit of the juror, J. F. Martin, the misconduct is confessed by the plaintiff, and we have the anomaly, of a court of justice, with this atrocious act of its jurors confessed in open court, refusing to take notice of it. We, therefore, feel justified in asking a reversal of the judgment to the end that a fair trial may be had.

*J. W. Coburn, M. B. Riley, F. B. Ellis* for respondent.

(1) A new trial should not be granted on the grounds of surprise when the surprise was occasioned by the fact that the evidence of the adverse party was different from what it was expected to be. *Shotwell v. McElhinney*, 101 Mo. 677; *Pickett v. Martin*, 16 S. W. Rep. (Texas) 1007; *Lindauer v. Mayburg*, 27 Mo. App. 181; *Jennings v. Howard*, 80 Ind. 214. (2) The evidence offered by appellant on the question of character is cumulative, and the court will not be warranted in extending the trial when the evidence offered is only cumulative, and which would not probably change the result. *Albert v. Seiler*, 31 Mo. App. 247; *Donovan v. Ryan*, 35 Mo. App. 160; *Payne v. Weems*, 36 Mo. App. 54; *Dollman v. Munson*, 90 Mo. 85; *State v. Woodward*,

95 Mo. 129.   (3) There is no evidence of misconduct on the part of the jury.   Misconduct of jurors, unless it occurs in open court, can not be proved by their affidavits, nor by the affidavits of third parties as to admissions made by jurors.   12 Am. and Eng. Encyclopedia of Law, 378;  *State v. Dusenberry*, 112 Mo. 278;  *State v. McNamara*, 100 Mo. 100;  *State v. Rush*, 95 Mo. 199.

ELLISON, J.—Plaintiff brought an action of replevin in Clinton county, to recover possession of some hogs. Afterwards a change of venue was taken to Platte county.   He recovered in the trial court.   Defendant appealed.

During the trial, plaintiff offered evidence tending to impeach defendant's reputation for truth and veracity.   Defendant asked the court to adjourn the trial until the next day, so that he might procure the attendance of witnesses from Clinton county, who would sustain his reputation.   The court refused the request.   Defendant then introduced a number of witnesses, which he obtained from among those in attendance on the trial for other purposes and from others who knew him, and from them obtained evidence tending to establish a good reputation.   He did not (at the time) file an affidavit of surprise, nor ask a continuance of the cause beyond the term.   The foregoing facts do not make a case which authorizes us to interfere with the discretion of the trial court.   We can not say that the court abused the discretion which the law has wisely reposed in trial courts, in matters of this nature.   Defendant afterwards, on the hearing of the motion for new trial, submitted his affidavit, stating his surprise at the attack upon his reputation, and likewise submitted the affidavits of a great number of persons residing in his community, who stated his

reputation to be good. But we can not look upon this as sufficient to disturb the ruling of the court, unless we are prepared to say that the introduction of evidence tending to impeach a witness in a cause is, of itself, a matter of surprise, as this term is used in the law.

2. It is next objected that there was misconduct on the part of the jury, in that two of the jurors coerced Martin, another juror, into an agreement to the verdict rendered. That they told him he was known to have talked with defendant about the case, while it was before the jury, and that they would report him to the judge and have him fined for contempt, if he did not agree to the verdict for plaintiff. That he was thereby frightened and intimidated into an agreement to the verdict against his convictions, and that it was not true that he had talked to defendant about the case. This showing was made by the affidavit of the intimidated juror, and it was corroborated by the affidavit of one Buchanan, who deposed that one of the two jurors who had threatened Martin, told him that they had coerced him (Martin) into an agreement. If the testimony of a juror himself, or of what a juror has said to others, after rendering his verdict, is evidence competent to be considered by the court as against the verdict rendered, then the verdict here was successfully impeached. Counsel for defendant has cited us to cases from other states, which will be found in his brief, which sustain his contention that such evidence is competent, when applied to misconduct of the nature here complained of. The effect of the rule in some jurisdictions is that when the matter offered to be shown by the juror is of such a nature that it was susceptible of being disproved by the testimony of other jurors, if not true, it is competent. But, if it is

of such a nature that it could not, practically, be investigated or understood, except from the statement of the juror concerned, then it would not be. As, if the juror should say he did not understand the instructions, or misunderstood the pleading, and the like.

But the rule in this state is that a juror can not impeach his own verdict, though his evidence is competent to sustain it; and the distinction noted in the cases referred to does not obtain here, as is shown by the character of the objections to the verdict urged in the following cases: *McMurdock v. Kimberlin*, 23 Mo. App. 523; *Sawyer v. Railroad*, 37 Mo. 240; *State v. Fox*, 79 Mo. 109; *State v. Dun*, 80 Mo. 681; *State v. Cooper*, 85 Mo. 256; *State v. Rush*, 95 Mo. 199. We would, therefore, disallow this exception made by defendant, but for the following consideration:

It appears from the record before us that there was a trial of the motion for a new trial, and that the affidavits of Martin and Buchanan (together with others on other matters) were separately offered by defendant in support of his motion, and that the affidavit of Buchanan was objected to by plaintiff as incompetent, and was excluded by the court, and exceptions taken by the defendant; but that the affidavit of the juror Martin was admitted without objection by plaintiff. It was, therefore, before the court, and, while it could have been rejected, it was not. The court, according to the record, received it in evidence. It had probative force, and, in the absence of objection, or rejection by the court, should be considered. It may be suggested that the court may not have believed the juror. But we think it would be unfair, under the circumstances disclosed, to indulge this supposition; since the plaintiff allowed the affidavit to be received without objection, and yet failed to obtain the testimony of the two accused jurors, exculpating themselves from the

charge. Our opinion, therefore, is that, since the affi-davit in question stood before the court unquestioned and uncontradicted, when the opportunity was at hand to contradict it if it was untrue, the motion for new trial should have been sustained.

The judgment will, therefore, be reversed and the cause remanded, with directions to award a new trial. All concur.