LEAHY, Administrator, Respondent, v. TESSON, Appellant.

**St. Louis Court of Appeals, November 29, 1904.**

**IMPEACHING VERDICT BY JURORS: Majority Verdict.** The rule that disqualifies a juror to impeach his own verdict applies to a juror who does not concur in a majority verdict. The affidavit of such non-concurring juror will not be received to show misconduct on the part of the jury.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*William Wehrenbrecht* for appellant.

It is the settled law of this State that neither testimony nor affidavits of jurors will be received to impeach their own verdict. State v. Burks, 132 Mo. 363, 34 S. W. 48; Sharp v. Railway, 114 Mo. 106, 20 S. W. 93; State v. Wood, 124 Mo. 412, 27 S. W. 1114; State v. Robinson, 117 Mo. 649, 23 S. W. 1066; State v.

Schaeffer, 116 Mo. 96, 22 S. W. 447; State v. Dusenberry, 112 Mo. 277, 20 S. W. 461; Winn v. Reed, 61 Mo. App. 626; State ex rel. Rogers v. Gage Bros., 52 Mo. App. 470.  Now, remembering that the jurors offered were those who did not agree to the verdict, how, then, can they be heard to impeach their own verdict, when they have rendered no verdict?

BLAND, P. J.—The verdict in this case was signed by nine of the jurors, three refusing to concur therein. In his motion for new trial, appellant assigned the following grounds therefor: ''That the jury was guilty of misconduct while in the jury room to his prejudice. That the sheriff, in charge of the jury in said cause, was guilty of misconduct while in charge of said jury to his prejudice.''  To substantiate these charges of misconduct, the appellant offered affidavits of the three non-concurring jurors and offered them as witnesses to testify in respect to what transpired in the jury room. The court ruled that they were incompetent witnesses for this purpose and that neither their evidence nor affidavits could be received to impeach the verdict of the jury. This ruling is the only error assigned in the brief of counsel for appellant.  Appellant concedes that the law is well-settled in this State that a juror will not be heard to impeach his own verdict; but insists the jurors, who did not agree to the verdict, do not come within the reason of the rule and are therefore competent to testify to the misconduct of the jurors who made the verdict.

A juror is not disqualified to impeach his verdict on the ground that he is estopped to repudiate what he has agreed to, but because the policy of the law is that a verdict shall not be set aside on the evidence of one who was a member of the jury finding the verdict.  If the law was otherwise, then the court, after hearing the evidence in a cause and submitting the issues to the jury, would, after verdict returned, be vexed by hear-

ing the irreconcilable and contradictory statements of the jurors in respect to what transpired in the jury room; such an inquiry would not only delay but would, in many cases, defeat justice, and would bring reproach upon the administration of the law and subject the jury system to the contempt of all men. There is just as much reason to apply the rule of incompetency to impeach a verdict to the one, two or three non-concurring jurors as to the nine, ten or eleven who agreed to it. The statute (sec. 3732a, Laws 1901, p. 190), provides that a verdict found by nine, ten or eleven jurors shall have the same force and effect as a unanimous one. We think it should also have the same protection from impeachment by any member of the jury.

The judgment is affirmed. All concur.