JULIA MILBOURNE, Appellant, v. JOSEPH
ROBISON, Respondent.

**Kansas City Court of Appeals, May 4, 1908.**

1. **VERDICT: Impeachment: Evidence: Waiver of Incompetency: Appellate Practice.** The verdict of a jury can not be impeached by the evidence of a juror; but where such evidence is received without objection the party who should have objected waives all right to complain and will not be heard to say on appeal that it was improper. [Cases reviewed.]

2. **EVIDENCE: Witnesses: Incompetency: Objection.** There is a distinction between incompetent evidence and an incompetent witness. Competent evidence may come from an incompetent witness, and unless objection is made to the competency of the witness when he is offered, his incompetency is waived.

3. **VERDICT: Impeachment: Juror: Evidence: Waiver.** That a verdict is obtained by dividing the sum of the several amounts put down by the individual jurors by twelve, is competent evidence to impeach the verdict and may be shown by a juror unless the opposite party objects to his competency.

4. ———: ———: ———: ———: ———: **Public Policy.** Where a rule of law is equally for the protection of an individual affected and for the public at large, the individual is not compelled to take the benefit of it; and if he waives it he cannot object to it in later proceedings in the case.

5. ———: ———: ———: ———: ——: ——: **Appellate Practice.** While a rule for rendering a juror incompetent to impeach his verdict is a rule of public policy for the protection of the jurors themselves and their deliberations and the trial court may even refuse to admit it on its own motion, yet where it was received without objection and acted upon, the non-objecting party has waived his right of complaint and the appellate court will not review the action of the trial court.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Eastin, Corby & Eastin* and *William M. Fitch* for appellant.

(1) · The affidavit of juror Sifers was incompetent to impeach the verdict of the jury and it was the duty of.the court to disregard such affidavit and refuse consideration. Pratte v. Coffman, 33 Mo. 71; Sawyer v. Railway, 37 Mo. 264; State v. Underwood, 75 Mo. 51; State v. Copenhaver, 39 Mo. 430; McFarland v. Bellows, 49 Mo. App. 311; State v. Branstatter, 65 Mo. 156; State v. Alexander, 66 Mo. 163; Phillips v. Stewart, 69 Mo. 149; State v. Fox, 79 Mo. 112; State v. Dunn, 80 Mo. 694; State v. Rush, 95 Mo. 199; State v. Cooper, 85 Mo. 261; State v. McNamara, 100 Mo. 100; State v. Wood, 124 Mo. 417; Miller v. Railway, 5 Mo. App. 476; Clark v. Shoe Co., 16 Mo. App. 463; State v. Dieckman, 11 Mo. App. 546, 75 Mo. 570; McMurdock v. Kimberlin, 23 Mo. App. 528; McCormick v. Monroe, 64 Mo. App. 197; State ex rel. v. Gage, 52 Mo. App. 470; Jobe's Admr. v. Weaver, 77 Mo. App. 665; State v. Long, 201 Mo. 676; Devoy v. Railroad, 91 S. W. 140; Meisch v. Sippy, 102 Mo. App. 561; Leahy v. Tesson, 108 Mo. App. 373; Greenleaf, Evidence (13 Ed.), sec. 252a; Elliott, Evidence, sec. 640. (2) The affidavit of juror Siefers could not be received to impeach the verdict of the jury, notwithstanding the fact that he did not agree with the verdict. Leahy v. Tesson, 108 Mo. App. 372. (3) The affidavits of jurors Brown, Crowder, Shearer and Owen when offered to support their verdict should have been received, as affidavits of jurors are incompetent for any other purpose. Citations same as points 1 and 2. (4) It is universally recognized that the affidavits of jurors which tend to show that damages were determined by average or by chance or by a quotient verdict, will not be received ,to impeach their verdict. The only exception to this rule is where such affidavits are provided for by statute. Pleasants v. Heard, 15 Ala. 408; Ward v.

Blackwood, 48 Ala. 396, 3 S. W. 624; Wilson v. Berryman, 5 Cal. 44, 46; State v. Freeman, 5 Conn. 348; Crossdale v. Tantum (Del.), 6 Houst. 218; Kelley v. State, 39 Fla. 122, 22 So. 303; Reed v. Thompson, 88 Ill. 247; Drummond v. Leslie (Ind.), 2 Blackf. 453; Houck v. Allen, 126 Ind. 269, 25 N. E. 897; State v. Logan (Ky.), 3 A. K. Marsh, 396; State v. Chartien, 35 La. 1031; Dorr v. Fenno (Mass.), 12 Pick. 525; Com. v. White, 147 Mass. 80, 16 N. E. 707; Battle Creek v. Haak, 139 Mich. 514; Prussel v. Knowles (Miss.), 4 How. 95; Dodge v. Carroll, 59 N. H. 237; Brewster v. Thompson, 1 N. J. L. 32; Dana v. Tucker, 4 John (N. Y.), 487; Williams v. Montgomery, 60 N. Y. 648; Farrar v. State, 2 Oh. St. 54; Cline v. Broy, 1 Ore. 89; Stull v. Stull, 197 Pa. 243, 47 Atl. 240; Luft v. Linganie, 17 R. I. 420, 22 Atl. 942; Smith v. Culberson, 9 Rich. L. 106 (S. C.), 10 Id. 212; Ulrick v. D. L. and T. Co., 2 So. Dak. 285, 49 N. W. 1054; Consol. I. M. Co. v. T. H. I. Co., 57 Fed. 898; Sheldon v. Perkins, 37 Vt. 557; Moses v. Cromwell, 78 Va. 675; C. & O. R. R. Co. v. Patton, 9 W. Va. 662; Galloway v. Floyd, 36 Tex. Civ. App. 379.

*Kendall B. Randolph, Hewitt & Hewitt* and *E. G. Robison* for respondent.

(1) The granting of a new trial is largely within the discretion of the trial court, and if the trial court, from all of the facts and circumstances before it and from what the judge saw and heard, was convinced that the verdict of the jury was a quotient verdict, then the appellate court should not disturb such finding. The trial court must be satisfied with the verdict, otherwise it is its duty to set it aside. Helm v. Bassett, 9 Mo. 54; Rickroad v. Martin, 43 Mo. App. 603; Taylor v. Agricultural Co., 47 Mo. App. 257; Mfg. Co. v. Cunningham, 73 Mo. App. 382. (2) The jury were guilty of misbehavior and the order granting a new trial, on the seventeenth ground of the motion, amounted, under all

of the circumstances, to a finding that the jury were guilty of misbehavior. R. S. 1899, sec. 801. (3) The refusal of the court to strike out the affidavit of J. J. Sifers, a juror, who did not agree to the verdict nor participate in making it, was but an incident to the proceeding, and the court under the authority of Reed v. Winn, 61 Mo. App. 621, refused to strike it out.

ELLISON, J.—This action was instituted to recover damages for an alleged· breach of promise of marriage. There was a trial in the circuit court which resulted in a verdict for the plaintiff. On defendant's motion the verdict was set aside and a new trial granted; whereupon plaintiff appealed and asks to have the order reversed with directions that judgment be entered on the verdict. The new. trial was granted on the ground of misconduct on the part of the jury. The misconduct charged was in agreeing to make a verdict by each juror putting down an amount, adding those amounts and dividing the sum by twelve, the quotient to stand as the verdict.

There was a hearing or trial had on the motion for new trial, at which evidence was introduced, both oral and written. Various objections to evidence were made and exceptions taken to the rulings of the court thereon. The depositions or affidavits of a number of jurors who tried the case were offered to sustain the verdict. On objections to these the court ruled them out on technical grounds. Oral testimony of certain jurors was offered and such offers were also rejected and the evidence excluded. But the evidence of a juror in the form of an affidavit or deposition was offered and admitted *without objection* from plaintiff which tended to sustain the charge in the motion for new trial that the verdict was a quotient verdict, agreed upon beforehand, as above stated. It was upon that evidence the court sustained the motion for new trial, and the question

for decision is, can such evidence be received and allowed probative force?

There are not many propositions of law which have been oftener stated and more firmly emphasized than that the evidence of a juror will not be received to impeach the jury's verdict. [Devoy v. Transit Co., 192 Mo. 197, 218; Leahy v. Tesson, 108 Mo. App. 372; McMurdock v. Kimberlin, 23 Mo. App. 523.] But that statement, like that of any other branch of the law of evidence, is founded on the assumption that the opposing party objected to its introduction. If the evidence of a juror is permitted by the opposite party to be introduced without objection, he waives all right to complain and will not be heard to say on appeal that it was improper. We so decided in Winn v. Reed, 61 Mo. App. 621. But as plaintiff has made earnest objection to the action of the trial court in considering such evidence, even though admitted without objection, we have thought it well to again examine the question, as though not heretofore considered.

In People v. Chin Non, 146 Cal. 561, 80 Pac. 681, it was held that the district attorney might waive his right to have a juror's affidavit excluded and that when so admitted it was evidence and Winn v. Reed is referred to in support of the ruling. In Perry v. Bailey, 12 Kan. 539, misconduct of some of the jury was charged in the motion for new trial and the affidavit of one of the jurors was introduced in support of the motion. The opinion was written by Justice BREWER, who said that "No counter testimony was offered, and the question is whether, upon this showing, the verdict ought to have been set aside. A preliminary inquiry is whether the testimony offered was competent. The misconduct of one juror is attempted to be shown by the affidavit of another. It may perhaps be said that no objection was urged to this testimony, and that, if the parties were satisfied to admit it, this court might properly treat

it as competent." In Dorr v. Fenno, 12 Pick. 524, 525, there was a quotient verdict and the jurors were questioned "with the assent of both parties, and neither of them can now be permitted to object to it." In Woodward v. Leavitt, 107 Mass. 453, as will be seen at pages 459 and 469, objection was made to the evidence at the trial court; and so of Mattox v. United States, 146 U. S. 140.

No action is more common in our Supreme Court than that which disposes of objections to evidence, made for the first time in that court, by the ruling that as no objection was made in the trial court and exception taken, the point is considered as having been waived and will not be heard. This is an established rule. [2 Elliott on Evidence, sec. 881.] "A party who agrees that his adversary may go into evidence which may be inadmissible if objected to, cannot afterwards complain of the reception of such evidence." [1 Thompson on Trials, sec. 692.]

There is a distinction between competent evidence and a competent witness. The evidence may be relevant and applicable to the matter under investigation, but the source through which it is offered may be objectionable and non-competent. "So, while the testimony may be relevant and admissible if it came from a competent witness, it is inadmissible, over proper objection and showing, if the witness himself is incompetent." [2 Elliott on Evidence, sec. 693.] And, if a party calls a witness who is incompetent, or knowingly permits him to be examined without objection, he will be held to have waived all known objection to the competency of the witness. [Farber v. Railway, 139 Mo. 272, 284.] "If a party allows competent evidence of an incompetent witness to go to a jury without objection, he should not afterwards complain of the finding of the jury thereon. Not objecting to the evidence is substantially saying that the party is satisfied with it."

[Railway v. Stanford, 12 Kan. 354, 380; 1 Thompson on Trials, sec. 700; 2 Elliott on Evidence, secs. 720, 721. See, also, Donaldson v. Taylor, 8 Pick. 390; Seip v. Storch, 7 Watts, 210.] The rule is consistent and inflexible that where the witness is incompetent (though the evidence may be competent), objection must be made to his competency when offered. [Farber v. Railway, 139 Mo. 272, 284; 2 Elliott on Evidence, secs. 720, 721.]

In the case at bar evidence that the jury agreed beforehand that the quotient resulting from a division by 12 of the sum of the several amounts which the individual jurors should put down would be the verdict, was competent evidence. Such evidence is sufficient to destroy the verdict. But it came from an incompetent source which, on that account, privileged the party against whose interest it was offered to object to its being heard. He could not object to the propriety of the evidence, as such, for, as just stated, it was proper evidence. But he had the right to demand that such evidence come through a different channel. But if he did not see proper to exercise such right, by objecting to the witness, we can see no reason why he should not be permitted to waive it. If one party to a cause of action be dead, the other party is incompetent to testify, though the matter of which he proposes to speak is relevant to the issue and perfectly competent coming through some other source. Thus if the promisee of a note be dead and the administrator, or his heir to whom it has been distributed, brings an action thereon, wherein the promisor pleads that he paid it to the promisee, evidence of payment is, of course, competent; but it cannot be heard out of the mouth of the promisor, who is not a competent witness. But it has, perhaps, never been suggested that the incompetency could not be waived, or was not waived by a failure to object. And so like instances familiar to the practitioner could

be multiplied.   As where the opposite party was dead:
Hickman v. Green, 123 Mo. 165, 173; Ess v. Griffith, 139
Mo. 322; McCune v. Goodwillie, 204 Mo. 332; where the
witness was jointly indicted with the accused: State v.
Crab, 121 Mo. 554, 564; where the witness was not
sworn: State v. Hope, 100 Mo. 347, 356; where the wit-
ness was a wife testifying to conversations with hus-
band: Berry v. Hartzell, 91 Mo. 132, 136; where the wit-
ness was a physician or an attorney at law: Ex parte
Gfeller, 178 Mo. 248, 267; where the witness was a min-
ister of the gospel: 1 Elliott on Evidence, sec. 638.

But it is said that the rule establishing the incom-
petency of a juror to impeach the verdict is a rule of
public policy and on that ground he should not be
heard.   That is a ground for his exclusion as stated by
text-writers on the law of evidence. But the rule (made
by statute or otherwise) that a lawyer is incompetent
to give evidence against his client, a physician against
his patient, a priest against his churchman, a litigant
against his adversary, of the latter's offer of compro-
mise, is also founded on public policy and is so clas-
sified in the books.   [1 Greenleaf on Evidence, secs. 237-
254; 1 Elliott on Evidence, secs. 621-627.]   Yet it is
common learning that these are privileges partly for
the benefit of the individual affected, which, so far as
they concern him, he may waive; and cases abound
where his objection was not allowed on appeal unless
made, in the first instance to the trial court.   [See
those last cited.]

It does not follow that because a rule is founded
on public policy it, for that reason, cannot be waived.
There may be a rule of public policy which, primarily,
is a protection to the public at large, or other persons,
as distinguished from an individual litigant, which the
latter could not waive, his individual right not being
concerned.   But where the rule is equally for the pro-
tection of the individual affected, there is no reason

Milbourne v. Robison.

why he should be compelled to take its benefit in spite of his desire not to invoke it.

In this connection it is proper to state we are not unmindful that the rule of public policy, as applied to the evidence of a juror in impeachment of the verdict, in addition to being for the benefit and protection of the party in whose favor the verdict was rendered, is likewise in the interest of and for the protection of the jurors themselves. Their deliberation in the jury room should have that freedom which flows from privacy. They should not be hampered with the thought or knowledge that their discussions and interchange of ideas are liable to be disclosed to the public, thereby rendering them liable to annoyances from the parties or their friends. [Devoy v. Transit Co., 192 Mo. 197, 218; Woodward v. Leavitt, 107 Mass. 460.] Therefore we do not say that a trial court of its own motion, could not have refused to admit in evidence the affidavit of a juror even though no objection was made by the party in interest. That question is not involved here. For the evidence in this instance was received and acted upon, and so far as the party against whom it was offered is concerned, he has waived his right of complaint. He can only complain to an appellate court through a bill of exceptions and such exceptions must be founded on objections made in the trial court.

In the foregoing we have treated the evidence of the juror as introduced without objection to his competency. We are not unmindful of plaintiff's insistence that the affidavit was not offered by defendant as evidence; and further that objection was made to its being received as evidence on the trial of the motion. But we see no reason for rejecting the action of the trial court on this head, which was that the affidavit was admitted without objection.

We are satisfied that there should be a new trial and the order therefor is affirmed. All concur.