EDWIN R. CRUTCHER et al., Defendant in Error, v. KANSAS CITY VIADUCT & TERMINAL RAILWAY COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, June 13, 1914.

1. NEGLECT OF EMPLOYEE OF ATTORNEYS: Assignment: Judgment by Default. Defendant's lawyers, with other lawyers, employed a person to watch the assignment for trial of the cases in which they were interested and the division of the trial court to which such cases were sent and notify them. This person neglected to notify the attorneys in a certain case and in consequence they were not present when the case was called. The plaintiff's case was heard on the evidence produced by him and judgment rendered for him; it was *held* the neglect of the agent is the neglect of the party himself, and that defendants motion filed after the term to set aside the judgment, was properly overruled.

2. ———: Judgment: Fraud: False Testimony. In order to set aside a judgment for fraud it must appear that the fraud was practiced in the procurement of the judgment itself; and that false testimony, or testimony from a disqualified witness, is not the character of fraud which would justify a disturbance of the judgment.

3. PRESUMPTION: Fraud. In a motion to set aside a judgment filed after the term, the presumption that one knows the law is not sufficient upon which to base a finding that an incompetent witness is guilty of fraud in testifying in the case.

4. ———: Sufficiency of Evidence. On a motion to set aside a judgment filed after the term, questions of the sufficiency of the evidence and the competency of witnesses cannot be examined.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*C. Angevine, J. K. Cubbison* and *Wm. G. Holt* for plaintiff in error.

(1) The defendant's motion to vacate the judgment contains grounds of surprise, accident, mistake, error of fact, fraud practiced in the act of procuring the judgment, and total failure of proof. The motion takes the place of the common law writ of error *coram nobis*. It is in the nature of an independent and direct attack upon the judgment in the court in which it was rendered, and is a proper method of bringing such questions before the court. State v. Riley, 219 Mo. 667, 118 S. W. 647; Cross v. Gould, 131 Mo. App. 585, 110 S. W. 672; Estes v. Nell, 163 Mo. 387, 63 S. W. 724.

*Yates & Mastin* and *C. S. McLane* for defendants in error.

(1) If Crutcher did not disclose in his testimony that the president of defendant company, with whom the contract in question was made, on behalf of the company, was dead at the time of the trial, it would be no reason for setting the judgment aside for fraud in procuring it. Monumental Bronze Co. v. Doty, 92 Mo. App. 10; Howard v. Scott, 225 Mo. 714; Nichols v. Stevens, 123 Mo. 116; Hamilton v. McLean, 139 Mo. 685; Moody v. Peyton, 135 Mo. 489; Fears v. Riley, 148 Mo. 58. (2) A judgment will not be set aside for surprise, accident or mistake when the only reason alleged for setting it aside is the negligent of defendant's attorneys and agents in not being present at the

trial. Estes v. Nell, 163 Mo. 387, l. c. 394; Robyn v. Publishing Co., 127 Mo. 391; Halsey v. Meinrath, 54 Mo. App. 344; Welch v. Mastin, 98 Mo. App. 273, l. c. 277; Santa Fe Icing Company v. Kemper, 149 S. W. 1163; Jones v. Rush, 156 Mo. 374; Curtis v. Bell, 131 Mo. App. 252; Kerby v. Chadwell, 10 Mo. 394; Gehrke v. Jod, 59 Mo. 522; Matthis v. Town of Cameron, 62 Mo. 507. (3) The judgment cannot be set aside for failure to prove the allegations of the petition upon this kind of a motion. Bronson v. Schulten, 104 U. S. 416; Cross v. Gould, 131 Mo. App. 598.

ELLISON, P. J.—Plaintiff brought an action against defendant for commission alleged to be due on account of procuring for defendant options of purchase of several parcels of real estate. When the case was called for trial defendant, though having filed an answer, did not appear. The court noted the default and proceeded to hear the evidence offered in plaintiffs behalf and then rendered final judgment for plaintiff in the sum of $2884. At a succeeding term of court defendant appeared and filed a motion to set aside the judgment, assigning a number of reasons therefor. The court overruled the motion and defendant in due time procured a writ of error from this court.

The principal grounds upon which the motion is based are that defendant, or its attorneys, employed Vincent O'Flaherty to notify the attorneys when the case would be assigned and to what division of the circuit court of Jackson county at Kansas City it would be sent for trial. That said O'Flaherty was "relied upon by all lawyers having business in the court to notify them of the assignment and the time when their cases would be called for trial," and that in this instance O'Flaherty failed to notify them and in consequence, they knew nothing of the judgment being rendered until the close of the term, a long time afterwards.

It seems that O'Flaherty is a person without official connection with the court or clerk, but is a private employee of a number of attorneys who employ him either by the year, or by the case, to notify them of the assignment of cases in which they are interested. When engaged by these attorneys he became their agent and thereby, perhaps, the agent of this defendant, to notify them, and any failure on his part must be taken to be the failure of the defendant itself. [Estes v. Nell, 163 Mo. 387; Robyn v. Chronicle Pub. Co., 127 Mo. 385, 391.] In Welch v. Mastin, 98 Mo. App. 273, 277, we said, "It thus clearly appears from the motion that the cause of defendant's failure to appear was the neglect of their attorney. Ordinarily the neglect of the attorney (not reaching the point of collusion, or the like, of which there is no pretense in this case) is the neglect of the client himself; and he takes the consequence as though he had been the actor. [Gehrke v. Jod, 59 Mo. 522; Biebinger v. Taylor, 64 Mo. 63; Robyn v. Pub. Co., 127 Mo. 391; Tower v. Ellsworth, 112 Ga. 460.]" It was said in Kerby v. Chadwell, 10 Mo. 393, that, "The omission of the attorney spoken to in the cause to plead within the time prescribed by law, cannot place the application to set aside the judgment by default upon more favorable grounds than if the omission had been on the part of the defendant himself. The attorney is the agent of the party employing him, and in the court stands in his stead, and any act of the attorney must from necessity be considered as the act of his client, and obligatory on the client. This principle is so well understood and has been so long acted upon as to render it almost useless to refer to it—a different principle could not be tolerated by the courts without immediately leading to endless confusion and difficulty in the administration of justice."

We therefore find against that branch of the motion.

It is next said that the judgment was obtained in fraud. We find no evidence to sustain such charge. The claim is that Crutcher made the contract with Reinhart who was then president of the defendant company and that Reinhart was dead when the trial was had and that Crutcher, though incompetent by reason of the death, was the principal witness in his own behalf and failed to notify the court of Reinhart's death.

This ground affords no reason for disturbing the judgment. In the first place there is a difference between a competent witness and competent evidence. If the evidence is competent, the incompetency of the witness may be waived. Melbourne v. Robison, 132 Mo. App. 202-205, and Crutcher could not have known that defendant would not have waived the point and have desired to hear his testimony. In the next place this would not have been such a fraud as the law recognizes as cause for setting aside a judgment. Even "false swearing and false averments in pleadings do not give rise to an action in equity to set aside a judgment for fraud. . . . There must be some fraud committed on the court itself in the procurement of the judgment arising extrinsically or collaterally to the issue tried, or on the party himself, arising in the same way." [Howard v. Scott, 225 Mo. 685, 714.] The same rule is stated in Nichols v. Stevens, 123 Mo. 96, 126; Hamilton v. McClean, 139 Mo. 678; Moody v. Peyton, 135 Mo. 482, and Fears v. Riley, 148 Mo. 49.

Defendant has cited us to several authorities which we consider to be without application. There is nothing to be gained by going over them in detail. The case is much better understood and our conclusion more readily approved, when reference is had to the principal reasons upon which defendant is compelled to stand. First, is the alleged neglect of its own agent to give notice of the assignment and time of trial. Second, the alleged fraud of Crutcher, consisting in his failure to tell the court that Reinhart was dead and

that he, Crutcher, was therefore not a qualified witness. It would be going beyond any precedent, to say nothing of sound reason, to hold that Crutcher, who was not a lawyer, knew the death of one party prevented the other from testifying. The presumption that every one knows the law is not sufficient ground to convict one of wilful fraud.

Much of defendant's brief is based upon the idea that the present motion should serve it as well as if it had never been in default; and should give it every opportunity to be found in a motion for a new trial. Hence, among other things, it is urged upon us that plaintiff did not have sufficient evidence to make out a case; the incompetency of testimony and the like. While it is well enough for a party filing a motion of the nature of the present one, to state he has a good defense, yet it has never been supposed that, on such a motion, he may have what, in effect, would be a new trial.

A consideration of the whole record has shown that the trial court could not have rendered any other judgment on the motion and consequently it is affirmed. All concur.