E. A. CAVANAUGH, Respondent, v. A. J. McCOLL, Appellant.

**Kansas City Court of Appeals, February 15, 1915.**

ATTORNEY: Judgment by Default: Neglect. An attorney was absent in another State in the trial of a cause and thereby overlooked filing an answer in a case in this State, and a judgment by default was rendered. *Held,* that the neglect of an attorney is the neglect of his client, and the trial court properly overruled the motion to set aside the default.

Appeal from Jackson Circuit Court—*Hon Frank G. Johnson,* Judge.

AFFIRMED.

*W. F. Zumbrunn* for appellant.

(1) That the purported judgment was taken during the absence of the defendant; taken two days after answer day and upon timely motions having been filed, supported by affidavits which admitted facts, the court abused its discretion in refusing to set aside said default. Sigaloff v. Breweries Co., 148 Mo. App. 452, 461; Pry v. Railroad, 73 Mo. 123; Robyn v. Chronicle, 127 Mo. 365; Hulbert v. Tredway, 159 Mo. 665; Hoffman v. London, 96 Mo. App. 184; Wilson v. Scott, 50 Mo. App. 329; Ennis et al. v. Hogan et al., 47 Mo. 513; Adams v. Hickman, 43 Mo. 168; Secs. 2093 and 2098, R. S. 1909.

*Hadley, Cooper & Neal* for respondent.

(1) A judgment by default regularly rendered will not be set aside unless due diligence is shown. Castlio v. Bishop, 51 Mo. 162. (2) That defendant's attorney was engaged in other important matters of business is no excuse. Wilson v. Scott, 50 Mo. 329. (3) There is

no distinction between the negligence of a party and that of his attorney. Hoffman v. Loudon, 96 Mo. App. 184; Parks v. Coyne, 156 Mo. 379. (4) Defendant must have a meritorious defense and a plea of usury is not a meritorious defense, so as to entitle defendant to have a default judgment vacated since a recovery may be had notwithstanding such plea. Biebinger v. Taylor, 64 Mo. 63. (5) A default will not be set aside unless it clearly appears that to refuse to do so would be arbitrary. Parks v. Coyne, 156 Mo. 379. (6) The matter of setting aside a default is discretionary with the court and if not abused will not be interfered with. Miller v. Crawford, 140 Mo. App. 711. (7) If it were a custom that default cases are not taken up at the first of the term (which is not the custom, the contrary being the custom), it would make no difference. Wilson v. Scott, 50 Mo. App. 329. (8) Plaintiff was entitled to take a final default judgment in this case. R. S. of Mo. 1909, sec. 1799. (9) This suit being on a judgment for a definite amount, final judgment was properly taken at the time of the default. There was no occasion for any interlocutory judgment. Miller v. Crawford, 140 Mo. 711; Dougherty v. P & F. of St. V. College, 53 Mo. 579; Reed v. Nicholson, 158 Mo. 624, 630.

ELLISON, P. J.—Plaintiff instituted an action on a judgment he theretofore obtained against defendant in the State of Iowa. When the case was called for trial defendant did not appear and judgment by default was entered. During the term he appeared and filed a motion to set aside the default, which was overruled and final judgment being rendered against him, he appealed.

The ground of the motion was that the defendant was absent from the State "at the time the cause was called for trial, and knew nothing about the failure of his counsel to file answer as required by the rules of this

court.'' And that his attorney was absent the first three days of this court in Oklahoma engaged in the trial of a case ''and by reason thereof overlooked the filing of an answer in this case.'' It was also stated that defendant had a meritorious defense.

The motion was overruled by the trial court, and defendant filed what he designates as an amended motion. It is the same as the original, except he tenders an answer in the cause as constituting his defense to the case stated in plaintiffs petition; and states that as no jury cases had been tried during the term of court and that the case would not be reached for trial before January or February, 1914, no harm would result by sustaining the motion. He likewise offered to pay the costs.

It will be seen that the only grounds stated for setting aside the default are that defendant himself was absent and did not know of the failure of his counsel to file answer as required by the rules of court; and that his attorney, being also absent, overlooked the filing of an answer in the case.

The motions disclose inexcusable neglect. The negligence of the attorney, under repeated rulings of the courts, is the negligence of the client. [Gehrke v. Jod, 59 Mo. 522; Crutcher v. Railroad, 181 Mo. App. 368; Parks v. Coyne, 156 Mo. App. 379; Wilson v. Scott, 50 Mo. App. 329; Welch v. Mastin, 98 Mo. App. 273, 277.]

The record does not contain anything which affords us any justification in overruling the trial court's discretion. The judgment is affirmed. All concur.