REICHARDT MOTOR COMPANY, APPELLANT, v. STANDARD ACCIDENT INSURANCE COMPANY, RESPONDENT.—179 S. W. (2d) 112.

St. Louis Court of Appeals. Opinion filed April 4, 1944.

*Robert A. Roessel* for appellant.

*J. D. Leritz* for respondent.

904

McCULLEN, J.—This action was brought by appellant, as plaintiff, to recover from respondent, as defendant, a loss alleged to be covered by a schedule fidelity bond issued by defendant to plaintiff. The circuit court sustained defendant's demurrer to plaintiff's third amended petition and, plaintiff having had two preceding petitions adjudged insufficient, the court entered final judgment in favor of defendant, with costs against plaintiff. Plaintiff appealed.

Plaintiff's petition alleged, in substance, that on April 25, 1938, defendant, for value received, issued its fidelity bond on behalf of certain named employees of plaintiff and in favor of plaintiff in the total sum of $30,000; that said bond was lost but that defendant had furnished plaintiff with a copy thereof, which was attached to plaintiff's petition, made a part thereof, and marked Exhibit A; that under the terms and conditions of said bond defendant bound itself within thirty days after proof to pay any pecuniary loss caused by any employee named in said bond by reason of fraud, dishonesty, forgery, theft, larceny, embezzlement, misappropriation, wrongful abstraction or willful misapplication committed during the term of said bond; that during the term of said bond plaintiff was caused to suffer and sustain a loss of goods, wares, and merchandise of the pecuniary value of $2351.70, which loss was by reason of the forgery, theft, misappropriation, wrongful abstraction or willful misapplication of an employee or employees of plaintiff covered by and in the said bond. The petition further alleged in detail the circumstances under which plaintiff sustained said loss and "that plaintiff at this time is unable with certainty to determine which said employee or employees covered by the said bond is responsible for the said loss occasioned as aforesaid."

Plaintiff further alleged in its petition that it had complied with all the terms and conditions of the bond but that defendant failed and refused to pay plaintiff the amount of said loss as in said bond provided.

The pertinent provisions of the bond, Exhibit A, are:

"The Standard Accident Insurance Company (hereinafter called surety) in consideration of an agreed premium, binds itself to pay to Reichardt Motor Company (hereinafter called employer) within thirty days after proof thereof the amount of any pecuniary loss which any employee named in the schedule hereto attached or added thereto as hereinafter provided, may while in any position and in any location in the service of the employer, alone or in collusion with others, cause the employer, not exceeding however the amount set opposite the name of each employee, through any act of fraud, dishonesty, forgery, theft, larceny, embezzlement, misappropriation, wrongful abstraction or willful misapplication committed during the term commencing with the date hereof and while this bond is in force as to such employee

and discovered before the expiration of twenty-four months after termination of this bond as an entirety or as to such employee, whichever shall first happen. . . ."

There was attached to the bond a list naming the twenty-four employees covered, said employees being designated by position, location, amount of coverage, and premium. The bond further provided that the amount of coverage as to each employee might be increased or decreased at any time, and that the employer should give notice of "any act committed by an employee" which might be the basis of a claim, and that the bond should terminate as to any employee upon leaving the service of the employer.

Defendant's demurrer to plaintiff's third amended petition, which was sustained as heretofore stated, was based upon the ground that said petition "does not state facts sufficient to constitute a cause of action against said defendant."

At the outset of our consideration of this case we are confronted with defendant's contention that this court does not have jurisdiction of the appeal. Defendant points out that the appeal was not allowed and taken at the judgment term of the circuit court and should, therefore, be dismissed.

We are always loath to dismiss an appeal on such grounds. If by any reasonable and lawful construction of the record we can see our way clear to dispose of a case on the merits, we prefer to do so rather than dismiss the appeal. However, when it appears from a record before us that we have no jurisdiction because of an appellant's failure to take the proper steps at the proper time to entitle him to an appeal under the law, it becomes our plain duty to overcome any reluctance we may feel and dismiss such appeal, for it is obvious that any decision we might render on the merits of such a cause would be a nullity. We know of nothing more futile in the law than a decision and opinion by a court in a cause whereof it has no jurisdiction.

Section 1186, Revised Statutes Missouri, 1939 (Mo. R. S. A., section 1186), which governs the taking of appeals from the circuit court, provides:

. "*No such appeal shall be allowed unless: First, it be made during the term at which the judgment or decision appealed from was rendered; and, second, the appellant or his agent shall, during the same term,* file in the court his affidavit, stating that such appeal is not made for vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment or decisions of the court." (Emphasis ours.)

The record herein shows that the judgment was rendered against plaintiff during the September Term, 1942, of the circuit court, and that plaintiff's affidavit for an appeal was not filed and this appeal was not allowed until the succeeding term, namely, the January Term, 1943, of the court. It is true that plaintiff filed a motion for a new

trial within four days after the judgment was entered in the September Term, 1942, and the motion would have been sufficient to carry the case over into the January Term, 1943, of the court, if such motion were necessary and proper. On the record in this case, a motion for a new trial was neither necessary nor proper.

The trial court having sustained defendant's demurrer to plaintiff's petition, and having rendered final judgment, it was not necessary for plaintiff to file a motion for a new trial in order to preserve the ruling and judgment for appellate review. The court's ruling, as well as the matter ruled upon, namely, the demurrer to the petition, and the petition, all appeared on the face of the record proper and plaintiff was entitled to an appeal from such ruling and judgment at any time thereafter during the September Term, 1942, without filing a motion for a new trial. [Hannah v. Hannah, 109 Mo. 236, 19 S. W. 87; Diener v. Star Chronicle Publishing Co., 230 Mo. 613, 619, 132 S. W. 1143, 1145; State ex rel. May Department Stores Co. v. Haid, 327 Mo. 567, 593, 38 S. W. (2d) 44, 57; Meissner v. Railway Equipment Co., 211 Mo. 112, 122, 109 S. W. 730, 732; Dysart v. Crow, 170 Mo. 275, 280, 70 S. W. 689, 690; McKenzie v. Donnell, 151 Mo. 431, 448, 52 S. W. 214, 218.]

It was, however, absolutely necessary, under the statute, Section 1186, supra, that the affidavit for appeal be filed and the appeal allowed during the same term of court at which the judgment was entered in order to give this court jurisdiction of the appeal. The language of the statute is mandatory: "No appeal shall be allowed unless: First, it be made during the term at which the judgment or decision appealed from was rendered. . . ." The statute was not complied with in this case.

The so-called motion for a new trial performed no necessary or useful function for the purpose of an appellate review, and, therefore, had and has no legal status. No statute provides for such a motion in the state of the record that existed when plaintiff filed its motion herein. "Motions which are not provided for by statute, and the pendency of which can in no sense affect the character of the judgment previously entered, are not within the rule that a motion for a new trial postpones the running of the time limit for taking appeals." [3 C. J., sec. 1050, pp. 1053, 1054, cited in State ex rel. May Department Stores Co. v. Haid, supra. See also 4 C. J. S., Appeal and Error, sec. 441, pp. 901, 902.]

When such a motion is filed under the circumstances shown in this record, "it must be viewed in the character of a nonstatutory motion, which amounted only to a mere suggestion to the circuit court that the court had erred in rendering a wrong judgment (that is, a judgment which, if wrong, the circuit court should have set aside of its own motion), and hence such motion did not have the effect of postponing or extending the finality of the judgment beyond

the term of the circuit court at which the judgment was rendered.'' [State ex rel. May Department Stores Co. v. Haid, 327 Mo. 567, 593, 38 S. W. (2d) 44, 57. See also, Wyoma Leather Co. v. Modern Hat & Cap Mfg. Co. (Mo. App.), 67 S. W. (2d) 815.]

In State ex rel. Conant v. Trimble, the Supreme Court, en banc, referring to motions for a new trial, not filed within the statutory period allowed for such motions, said:

"But these untimely motions (being only suggestions to the trial court) cannot and do not carry the case over to the next term. . . . At the very most they are but mere suggestions to that court that the judgment should be set aside, within the judgment term, when the court has the judgment within its breast. *A failure to act upon such suggestions does not keep the judgment from becoming a finality at the end of the term, and it continues to be such for all time. These belated motions are but mere scraps of paper, without legal status or legal effect.* The rights of the court of its own motion, or upon the mere suggestion of a party, to set aside a judgment, expires with the close of the judgment term. Timely motions, *which have a legal status,* may serve to carry a case over the judgment term, and thus authorize an appeal at a later term." [State ex rel. Conant v. Trimble, 311 Mo. 128, 144, 145, 277 S. W. 916, 921.] (Emphasis ours.)

The so-called motion for a new trial involved herein, not being authorized by statute, was merely a suggestion to the trial court which could not have the effect of carrying the case over to the next term thereof, and could not prevent the judgment from becoming final "for all time" after the judgment term expired. [State ex rel. Conant v. Trimble, *supra.*]

In view of the foregoing authorities, it is clear that any decision we might render on the merits of the court's ruling on the demurrer in this case would be "*coram non judice*" because we have no jurisdiction of the appeal. Nevertheless, we think it is not improper for us to say briefly that we believe the trial court could not, under the law, have taken any action other than to sustain defendant's demurrer to plaintiff's petition. This, for the reason that plaintiff not only did not name or point out in its petition the employee or employees whose acts caused its loss, but it went farther and admitted therein that it was unable with certainty to determine which employee was responsible for such loss. Hence, no cause of action was stated in the petition.

The appeal herein, not having been taken during the term at which the judgment was rendered, must be dismissed. It is so ordered. *Hughes, P. J.,* and *Anderson, J.,* concur.