RALPH J. WOOTEN and FRANCES P. WOOTEN, Appellants, v. FRANK H. FRIEDBERG.—No. 39745.—198 S. W. (2d) 1.

Division One, November 11, 1946.

Rehearing Denied, December 9, 1946.

*Charles M. Miller* for appellants.

*William B. Teasdale* and *Kaer P. Vanice, II*, for respondent.

758

BRADLEY, C.—Action for specific performance of contract for the sale of a tract or parcel of land in Jackson County and containing about 1.58 acres. Petition was filed August 21, 1944; no answer was filed. July 19, 1945, at the May term of the court plaintiffs introduced their evidence, and judgment by default was entered against defendant and in favor of plaintiffs. No motion for a new trial was filed, but on August 13th, still the May term, defendant filed motion to set aside the default judgment. A hearing was had on this motion August 23rd, and September 10th, the first day of the September term, the motion was overruled. October 4th, September term, the court of its own motion set aside the order of September 10th, overruling the motion to set aside the default judgment and made an order sustaining that motion. October 13th plaintiffs filed notice of appeal.

Plaintiffs are husband and wife. The contract between them and defendant for the sale of the land involved was in writing, is not dated, but was entered into in July, 1942. The consideration was $750, payable $25 cash in hand, and $10 on August 1, 1942, and $10 on or before the first day of each month thereafter, with interest at 5% per annum until payment was made in full. The interest accruing monthly was to be paid out of each monthly payment and the balance credited to principal. Plaintiffs were to have possession of the land from date of contract, and they went into possession and erected a building thereon.

The contract provided: "It is expressly understood and agreed that time is the essence of this contract and that if the buyer shall fail to pay any installment, interest, taxes, lien or other payment for a period of thirty days after said payment shall become due and payable, then the amount theretofore paid by the buyer shall, at the option of the seller, be forfeited to the seller as liquidated damages for breach of this contract, and on such default, it will be lawful and proper for the seller, or its (his) assigns, without notice, to take possession of said premises, and it is further agreed that upon such default the buyer shall then become a tenant of the seller as a tenant from month to month and agrees to pay ten and 00/100 dollars per month as rent for such premises, said rent becoming due and payable monthly in advance."

The initial payment of $25 was made and according to plaintiffs the payments falling due on the first day of August, September and October were made. Then plaintiff Ralph J. Wooten was inducted into the Army and Mrs. Wooten testified that she notified defendant that her husband was in the Army, and that she did not know how soon payments would be resumed; but that payments would be resumed as soon as possible. She said that in reply defendant told her "not to worry about the payments."

Plaintiff Ralph J. Wooten was discharged from the Army September 1, 1943. Mrs. Wooten testified that they called defendant after her husband was discharged; told him "we were home"; that he came by; said that "as soon as we got ready to make payments to come over and see him." That about November 27, 1943, she went over and paid defendant $30 on the contract; that about the last of December, 1943, she "took $55 over to" defendant, but he refused it, "and asked me to get out of his office." She said that she and her husband, about January 10, 1944, took $110 over to defendant; that this amount "would have made up all our payments in arrears to March 1, 1944"; that defendant refused the $110; and offered her husband $50 if "we would vacate the ground," but that they refused the offer. Mrs. Wooten said that on April 1, 1944, she and her husband tendered to defendant $900 and that this covered the whole consideration for the

lot, including interest and a lumber bill they owed defendant. This too was refused, according to Mrs. Wooten.

As stated, the motion to set aside the default judgment was filed August 13, 1945. The motion alleged that the cause was filed August 21, 1944; that defendant employed counsel (not present counsel) and entered his (defendant's) appearance; that he (defendant) frequently advised with his attorney about the case and was on each occasion told that an effort was being made by counsel on both sides "to adjust the cause;" that the last conference with counsel first employed was on August 6, 1945 (after the default judgment), and that on that occasion his attorney "again advised him in the premises," but it is not alleged what advice was given. It is alleged in the motion that August 9, 1945, defendant employed present counsel and asked that the cause be checked; that the check disclosed that on May 23, 1945, defendant's first attorney appeared before the court and advised that "there would be no further pleadings," and it is alleged that such was without authorization.

The motion to set aside further alleged that defendant had a good and meritorious defense to plaintiff's cause of action as follows:

"(1) That prior to the induction of plaintiff Ralph J. Wooten into the U. S. armed forces plaintiffs defaulted in the payments as provided in said contract and remained in default for more than thirty days after said payments became due and payable and since said default have not made any payments upon said contract and said contract has terminated.

"(2) That after the termination of said contract plaintiffs and defendant mutually agreed that each party was fully and finally released and discharged from any and all the terms and conditions of said agreement and any and all liability in damages which might arise by reason of said agreement.

"(3) That prior to the induction of the plaintiff Ralph J. Wooten into the Army plaintiffs bought lumber and material from defendant in the sum of $200 and that the payments alleged in plaintiffs' petition as having been made upon the contract aforesaid were not made upon said contract, but were paid by plaintiffs upon the lumber and materials bill contracted by them and no part of said alleged payments were ever made by plaintiffs upon said contract for deed."

Defendant's evidence given at the hearing on the motion to set aside the default judgment in the main supported his charges in the motion. It will not be necessary to set out this evidence. We might say that defendant is an attorney and practiced in Kansas City for several years.

The default judgment recites that plaintiffs are "entitled to a deed of conveyance from defendant Frank H. Friedberg, a single and unmarried man, vesting the title to said land above described in plaintiffs, Ralph J. Wooten and Frances P. Wooten, upon the payment

of seven hundred seventy-two and 61/100 ($772.61) dollars, less $25.00 which the court found plaintiffs sustained as damages, to the clerk of this court, to be disbursed as hereinafter directed.''.

What may be termed the judgment proper follows: ''Wherefore it is ordered, adjudged and decreed that upon the payment to the clerk of this court by Ralph J. Wooten and Frances P. Wooten of the sum of $747.61, money to which the defendant Frank H. Friedberg is entitled under the contract for deed (which said money is now paid into court) that the said defendant Frank H. Friedberg, within ten days therefrom, shall execute and deliver to plaintiffs Ralph J. Wooten and Frances P. Wooten, a deed duly acknowledged as provided by law, with Ralph J. Wooten and Frances P. Wooten as grantees and Frank H. Friedberg as grantor, covering and containing the above described property, containing a covenant that he is well seized of said land at the date thereof, and a covenant against encumbrances, and warranting title as of the date thereof, free and clear of all taxes assessed or accrued prior to January 1, 1943; that the costs herein of this suit are taxed against the defendant Frank H. Friedberg; that the court costs of said suit shall be taken from the sum mentioned of $747.61, and upon the performance of the requirements herein of and by said defendant Frank H. Friedberg, the balance of said sum remaining therefrom after payment of costs, shall be paid to defendant, Frank H. Friedberg; that the court further orders, adjudges and decrees that in the event of the failure or refusal of Frank H. Friedberg to make and deliver a deed and comply with the requirements herein on his part, as herein required and specified, within the time required, that the legal title in fee simple to said land and premises as above and herein described, free and clear of all encumbrances, including taxes assessed or accrued prior to January 1, 1943, shall be and is hereby vested exclusively in plaintiffs, Ralph J. Wooten and Frances P. Wooten, and the balance of $747.61, after paying the court costs, shall be repaid by the clerk to the plaintiffs, Ralph J. Wooten and Frances P. Wooten; that upon the compliance of the requirements herein by defendant, Frank H. Friedberg, the plaintiffs shall acknowledge the same of record on the margin of this judgment.''

The record does not show that a copy of the decree was furnished defendant, but plaintiffs in their reply brief set out copy of a letter under date of July 24, 1945, from their attorney to defendant's former attorney, stating that a certified copy of the decree was enclosed. Defendant did not in the 10 days execute deed as provided in the decree, and on August 6, 1945, plaintiffs withdrew $730.36 of the deposit, leaving the balance of $17.25 to pay costs, which was in accordance with the judgment. And as appears, supra, defendant on August 13th, filed motion to set aside the default judgment; August

23rd a hearing was had on the motion; September 10th the motion was overruled. September 14th, defendant executed a special warranty deed conveying the property involved to plaintiffs; acknowledged the deed September 15th, and filed it with the clerk of the court on October 4th, same day the court, of its own motion, set aside the default judgment.

The covenants of warranty in the deed were ''that the said premises are free and clear from any incumbrance done or suffered by him (defendant) and that he will warrant and defend the title to said premises unto the said parties of the second part (plaintiffs) and unto their heirs and assigns forever, against the lawful claims and demands of all persons claiming under them (him, defendant), except all taxes, both general and special, and all assessments which could not be paid on December 31, 1943.''

In the order of October 4th setting aside the default judgment it is stated that the court ''never intended to enter a judgment or decree depriving this court within thirty days therefrom of the right to set the same aside on its own motion for good cause 'shown,'' and that the court ''never intended that a decree should be entered on its face attempting to deny defendant of the right of appeal nor permitting plaintiff within less than thirty days from the decree to take down a deposit ostensibly made in good faith . . . '' and that ''it now appears that defendant has executed deed in conformity with the contract and intent of this court.'' The order of October 4th also directed plaintiffs ''to renew the deposit with the clerk of this court and defendant to renew his tender of good and sufficient deed . . . within ten days; otherwise the court will prepare and enter a nunc pro tunc judgment and decree in this case which will call for equity and good faith upon both plaintiffs and defendant and be just.''

Plaintiffs (appellants) say that the court had no lawful right to make the order of October 4th. They rely on Sec. 119 of the new civil code, Laws 1943, p. 389, which became effective January 1, 1945. Also, plaintiffs rely on rule 3.25 of this court. Sec. 119 of the civil code provides: ''Courts may order a new trial, when and for what reason.— Not later than 30 days after entry of judgment, the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor.''

Rule 3.25 provides: ''Judgments: Period of Control by Trial Court. The trial court retains control over judgments during the 30-day period after entry of judgment and may reopen, correct, amend or modify its judgment for good cause within that time. The 30-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the transcript on appeal is filed in the appellate court. Supplemental to Sec. 119, 1943 Act.''

Sec. 116 (Laws 1943, p. 388) of the civil code provides: "Motion for new trial.—A motion for a new trial shall be filed not later than 10 days after the entry of the judgment. The judgment shall be entered as of the day of the verdict. If a timely motion is filed the judgment is not final until disposition of the motion."

While defendant did not file a motion for a new trial, he did file, on August 13th, a motion to set aside the default judgment, and such motion was filed within 30 days of the rendition of the judgment on July 19th, and before the judgment became final under Sec. 119 of the code and rule 3.25. The default judgment, however, was not set aside until October 4th, more than 30 days after its rendition. But defendant contends that the motion to set aside filed within the 30 days was sufficient to carry "the judgment over from the May term to the September term," and that the judgment, therefore, did not become final at the expiration of 30 days from its rendition. Also, defendant contends that the court had authority under Sec. 1267 R. S. 1939, Mo. R. S. A., Sec. 1267, to set aside the judgment.

██ For procedural purposes terms of court were abolished by the new civil code. See Secs. 7, 8, and 9, Laws 1943, p. 359. Under the common law, a judgment remained in the breast of the court, so to speak, during the term at which it was rendered, and during the term, regardless of motion of any kind, a judgment could be set aside or modified by the court as justice required. Aull et al. v. St. Louis Trust Co. et al., 149 Mo. 1, 50 S. W. 289; Reid v. Moulton (Mo. Sup.), 210 S. W. 34; Bruegge et al. v. State Bank of Wellston et al. (Mo. Sup.), 74 S. W. (2d) 835.

██ Was the motion to set aside, filed August 13th, more than 10 days but less than 30 days after rendition of judgment, sufficient to give the court jurisdiction to ██ set aside the judgment on October 4th? The answer is no. The identical question, in principle, was ruled in State ex rel. Conant v. Trimble et al. (banc), 311 Mo. 128, 277 S. W. 916. Such ruling overruled a contrary ruling in Childs v. K. C., etc., R. Co., 117 Mo. 414, 23 S. W. 373; Harkness et al. v. Jarvis et al., 182 Mo. 231, 81 S. W. 446; Head v. Randolph, 83 Mo. App. 284. See also Reichardt Motor Company v. Standard Accident Ins. Co., 237 Mo. App. 902, 179 S. W. (2d) 112, l. c. 115; State ex rel. Iannicola v. Flynn (Mo. App.), 196 S. W. (2d) 438, l. c. 441 and cases there cited.

██ May the court's action in setting aside the judgment be sustained under Sec. 1267? Before ruling this question it is necessary to dispose of a question raised by plaintiffs on the sufficiency of the motion to set aside the judgment under said section. Plaintiffs' (appellants) make the point that the motion to set aside the judgment does "not allege any valid ground" upon which an order sustaining the motion could be based. We have set out the motion supra, and so far as concerns the motion itself the point would seem to be well

taken. But the record shows that, without objection, as we rule presently, defendant, at the hearing on the motion, introduced the judgment set aside. In such situation the motion should be considered as amended to include the irregularities appearing on the face of the judgment itself. Jenkins v. Kurn et al., 348 Mo. 942, 156 S. W. (2d) 668; Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S. W. (2d) 723.

At the opening of the hearing on the motion and when defendant was sworn as a witness and placed on the stand, plaintiffs objected to ''any evidence being offered in support of motion to set aside judgment for the reason that the motion on its face shows that the defendant has no just ground or right for setting aside the default judgment.'' In effect, plaintiffs objected to any hearing at all on the motion. The court reserved ruling, and thereupon plaintiffs' counsel stated: ''This objection which I have just made goes to all of the evidence in support of the motion to set aside default judgment.'' Neither the court nor opposing counsel made any statement in reply. After a few preliminary questions, defendant was asked: ''Q. In 1942, did you have any part in the sale of property to Ralph Wooten and his wife under a contract for deed to Frank H. Friedberg? A. We did. Q. And where is that property located?'' Thereupon plaintiffs' counsel said: ''We object to that question as not material to any issue here. The question now that is material before this court is whether or not the defendant had notice of the trial of this cause on July 19, 1945.'' The objection was overruled and the examination of defendant continued and counsel made frequent objections by saying; ''same objection,'' having reference, as we take it, to the objection set out above on materiality.

A deputy circuit court clerk was called by defendant and was asked about the Wooten case in the circuit court and identified record entries thereof. The only objection made to the evidence of the clerk was that it was ''wholly immaterial to any issue here.'' After examination of the deputy clerk was finished, the judgment was introduced without further objection.

''If a party litigant desires to exclude evidence he must make timely and sufficient objection to show its inadmissibility when offered.'' Skillman et al. v. Ballew (Mo. App.), 27 S. W. (2d) 1036, l. c. 1039. However, when an objection to the introduction of evidence has been squarely made, it is not necessary to follow up with repeated objections in order to save the point. Harrison v. St. Louis-San Francisco Ry. Co., 339 Mo. 821, 99 S. W. (2d) 841, l. c. 845, and cases there cited. But no objection to the introduction of the judgment was *squarely* made. Also, it will be noted that Sec. 82, Laws 1943, p. 378 of the new civil code is more liberal as to the trial of issues not raised by the pleadings than the old code. In the situation we rule that the judgment was introduced without objection.

■ Sec. 1267 reads as follows: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless ■ such motion be made within three years after the term at which such judgment was rendered." We might say that in the light of Sec. 119 of the new civil code the word *term* in section 1267 means 30 days from the date a judgment becomes final.

■ A motion under Sec. 1267 to set aside a judgment must be based on an irregularity appearing on the face of the record and not on an irregularity which depends on proof dehors the record. State ex rel. Potter v. Riley, 219 Mo. 667, 118 S. W. 647; Weatherford et al. v. Spiritual Christian Union Church (Mo. Sup.), 163 S. W. (2d) 916; Badger Lumber Co. v. Goodrich et al., 353 Mo. 769, 184 S. W. (2d) 435; Buchholz v. Manzella (Mo. App.), 158 S. W. (2d) 200. The Potter case opinion was questioned in DeHatre, Admx. v. Ruenpohl, 341 Mo. 749, 108 S. W. (2d) 357, 1. c. 359, but not on the point under consideration here.

The irregularity mentioned in Sec. 1267 must appear in the judgment itself or on the face of the proceedings antecedent to the judgment, and the irregularity need not be one which would render the judgment absolutely void and therefore subject to be defeated on collateral attack. However, it must be one which indicates at least that the judgment was given contrary, in some respects, to the established form and mode of procedure for the orderly administration of justice. An irregularity, in the sense of the law, may be said to be a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it at an unreasonable time or in an improper manner. Cross et al. v. Gould et al., 131 Mo. App. 585, 1. c. 595, 110 S. W. 672.

Some of the irregularities sufficient to support setting aside a judgment under Sec. 1267 are listed in the Cross case. These are: (1) Where the judgment had been given for plaintiff by default because of defendant's failure to plead at a day of the term before plaintiff was entitled to a default judgment; (2) where both an interlocutory and final judgment by default were taken at the same term in a suit not founded on a bond, bill or note for the payment of money; (3) where a judgment was entered by default on the merits while a demurrer or answer was on file and not disposed of; (4) where judgment was rendered in excess of the penal provisions of a bond; (5) where a cause was referred and the referee failed to report for a considerable time after the report was due.

In the Cross case defendant's attorney was notified by plaintiff's attorney that he would be informed when the case was set and that nothing would be done without notice to him. The case was set; defendant's attorney was not notified; judgment was rendered by default against defendant. It was held that there was no irregularity within

what is now Sec. 1267, but the judgment was set aside for fraud on a motion in the nature of a writ of error coram nobis. For a recent case where such writ was successfully invoked, see Badger Lumber Company v. Goodrich et al., supra. It is pointed out in that case that the statute (Sec. 1267) contemplates an assault upon an irregularity patent on the record, while a motion for writ of error coram nobis contemplates an assault on an error of fact dehors the record. Under the facts here there is no basis for the notion that the motion to set aside, which the court finally sustained on October 4th, could be considered as a motion in the nature of a motion for writ of error coram nobis. Such is so because all of defendant's lack of information, so far as appears here, was due to his own attorney. If his attorney was negligent such negligence was imputable to defendant. Crutcher et al. v. Kansas City Viaduct & T. Ry. Co., 181 Mo. App. 368, 168 S. W. 826; Cavanaugh v. McColl, 187 Mo. App. 256, 173 S. W. 725.

It will be noted in the Cross case, supra, that a judgment in excess of the penal provisions of a bond is listed as an irregularity under what is now Sec. 1267. Showles v. Freeman, 81 Mo. 540, is cited. That case was in replevin and commenced in the circuit ▆ court. The replevin bond was for $35, double the amount sworn to in the affidavit. Defendant filed a motion to require plaintiff to give a new bond. The motion was sustained, but plaintiff did not give the bond in the time required and the cause was dismissed. Thereupon damages were assessed and judgment for $250 rendered against the sureties on the bond. At the next term of the court the sureties moved to set the judgment aside. The trial court overruled the motion. On appeal it was held that what is now Sec. 1267 was applicable and the judgment was reversed.

The Showles case is cited with approval on the point of a judgment in excess of the penal sum of a bond in Board of Education v. Nat. Surety Co., 183 Mo. 166, l. c. 184, 82 S. W. 70. But it was held in Gary Realty Co. v. Swinney, 322 Mo. 450, 17 S. W. (2d) 505, that interest in excess of the penalty amount of a bond could be recovered and disapproved [17 S. W. (2d) l. c. 510] the ruling in the Board of Education case that *no* recovery could be had on a bond in excess of the penalty amount. However, the Showles case was not dealing with *interest*, hence we do not think the ruling in the Gary Realty Co. case affected the ruling in the Showles case that the recovery there in excess of the bond was an irregularity under Sec. 1267. It was ruled in Boggess v. Jordan (Mo. App.), 283 S. W. 57, that a default judgment in excess of the amount sued for was an irregularity under what is now Sec. 1267.

▆ We think the situation in the present case analogous in principle to the Showles case and the Boggess case. By the default judgment plaintiffs got much more than they sued for; much more than the contract which they sought to have performed provided for. They, by

the judgment, got such title to the land involved as defendant had, and the right to take back the consideration they paid by the deposit. All that appears on the face of the judgment. But plaintiffs say they got no warranty that defendant "had good title free from defects." Such is true, but that would not justify getting what title defendant had and paying nothing for it. We rule that the judgment giving plaintiffs what title defendant had in the land involved, and also giving them the right to take back the consideration they paid by the deposit, is an irregularity under Sec. 1267.

Plaintiffs make the point that they had no notice that the court would take any action on October 4th when the prior ruling was set aside and the motion to set aside the judgment was sustained; they say that the court's action on October 4th without notice was a denial of due process. As appears, a hearing on the motion had been had shortly prior to October 4th, and plaintiffs at that time, had full opportunity to resist the motion and did. In other words, plaintiffs had their day in court, Cockrell v. Taylor et al., 347 Mo. 1, 145 S. W. (2d) 416, l. c. 421, and there is no contention that there was anything before the court on October 4th that was not before the court on August 23rd when the hearing on the motion was had.

The order or judgment of October 4th setting aside the order of September 10th overruling the motion to set aside the judgment, and sustaining said motion and setting aside the judgment should be affirmed and it is so ordered. *Dalton* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by Bradley, C., is adopted as the opinion of the court. All the judges concur.