Gail Frances McDANIEL and Patricia Ann McDaniel, Minors, by Pearl M. Eisnogle, Next Friend, Plaintiffs-Appellants,

v.

Nettie LOVELACE, Administratrix of the Estate of Clayton Thomas Lovelace, Joe Ray, Inc., a Corporation, and Douglas Wayne Clemons, Defendants-Respondents.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK, a Corporation, Plaintiff-Respondent,

v.

WESTERN CASUALTY AND SURETY COMPANY, a Corporation, et al., Defendants,

Gail Frances McDaniel and Patricia Ann McDaniel, Minors, Defendants-Appellants.

Nos. 53574, 53575.

Supreme Court of Missouri,
Division No. 1.

April 14, 1969.

Pannell & Dodson, Festus, for appellants.

Smith & Colson, by David L. Colson, Farmington, for defendants-respondents, Joe Ray, Inc. and Douglas Wayne Clemons.

G. William Weier, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for defendant-respondents, The Fidelity and Casualty Company of New York and Nettie Lovelace, Administratrix of the Estate of Clayton Thomas Lovelace, Deceased.

LAURANCE M. HYDE, Special Commissioner.

These two appeals were consolidated for hearing by order of this court. The first is an action for $25,000.00 by two minor plaintiffs for wrongful death of their father in a collision between a car and a tractor trailer truck, in which verdict and judgment was for defendants. The second is from an order overruling a motion by these minors to declare null and void the judgment in a declaratory judgment action, which determined that their father, John

McDaniel, Jr., was the driver of the car involved in the collision.

Plaintiffs filed the wrongful death action December 15, 1958, against the truck driver Clemons and truck owner Joe Ray, Inc. and the administratrix of the owner of the car, Nettie Lovelace. (The car owner Lovelace was also killed in the collision.) The insurer of the car owner (The Fidelity and Casualty Company of New York) had previously brought a declaratory judgment action to determine who was driving the car and fix the insurer's liability. On January 22, 1959, by judgment, based on a jury verdict, plaintiffs' father (McDaniel) was declared to be the driver at the time of the collision. The declaratory judgment was affirmed as to this finding by the St. Louis Court of Appeals in December 1960. Fidelity and Casualty Co. of New York v. Western Casualty and Surety Co., 337 S.W.2d 566. Thereafter, the trial court dismissed the wrongful death action as to the administratrix of the owner of the car. It is this declaratory judgment that plaintiffs seek to set aside on the ground that no guardian ad litem was appointed for them in that action.

McDaniel and the other two occupants of the car were killed when their car, going south, made a left turn in front of the truck, going north. The highway there was slightly upgrade to the north and had two northbound lanes and two southbound lanes with traffic islands between them in three places between the gasoline station complex (into which the car was turning) and the top of the hill. For other facts see opinion of St. Louis Court of Appeals in Fidelity and Casualty Co. of New York v. Western Casualty and Surety Co., 337 S.W.2d l. c. 568, 573.

Plaintiffs seek reversal of the judgment against them in the wrongful death action on three grounds: (1) that they were deprived of the right to try their case against the administrator of the car owner Lovelace, whom they claim was driving the car, because of the declaratory judgment which they claim was void; (2) that the court

erred in refusing to grant them a new trial on misconduct of jurors; (3) that the court erred in refusing them the right to amend their petition and striking three paragraphs of their amended petition. We will consider these in inverse order.

Plaintiffs' petition, by their grandmother as next friend filed December 15, 1958, alleged as the truck driver's negligence: (1) humanitarian negligence based on failure to stop, slacken speed, swerve to the left or sound warning after McDaniel was in a position of imminent peril; (2) primary negligence of not keeping proper lookout and operating at a dangerous rate of speed. On June 29, 1967, amendment of plaintiffs' petition was sought to include the following claims of negligence:

"f. That the defendant, Joe Ray, Inc., a corporation, wrongfully allowed its driver to operate defendant's truck for a longer period of time than permitted by Federal Regulations.

"g. That the defendant, Douglas Wayne Clemons, wrongfully drove said truck for a longer period of time than permitted by Federal Regulations.

"h. That the defendant corporation and defendant driver wrongfully and in violation of Federal Regulations failed to make and keep a driver's daily log."

Defendants' motion to strike these additional claims of negligence was sustained on the basis that the amendment attempted to set up a new and different cause of action after the limitation period for commencing wrongful death actions fixed by Sec. 537.100 RSMo, V.A.M.S. Plaintiffs' original petition was based on a claim of common law negligence while the amendment is based on a claim of violation of Federal regulations. Furthermore, the liability of the truck owner was based (in the original petition) on respondeat superior, liability for its employee's acts, while the basis of the amendments was liability for its own acts of violation of Federal

regulations. "The general rule is that an amendment will not relate back to the filing of the original petition and save a cause of action from the bar of the statute of limitations 'if the proof necessary to support the pleading as amended is different from the proof necessary to support the same pleading before such amendment.'" Miller v. Werner, Mo.Sup., 431 S.W.2d 116, 118. See also Coleman v. Ziegler, Mo.Sup., 248 S.W.2d 610, 615 and cases cited. 34 Am.Jur. 216, Limitation of Actions, Sec. 262; 54 C.J.S. Limitations of Actions § 281, p. 335. Plaintiffs cite Bailey v. Williams, Mo.Sup., 326 S.W.2d 115, 119–120, holding the rule against departure was abrogated by Sec. 509.060, RSMo 1949, V.A.M.S., now Civil Rule 55.07, and says this supersedes the authorities cited by defendants. However, there was no limitations issue in Bailey v. Williams, supra, it not being claimed that any limitations statute had run when the amended petition in that case was filed. Miller v. Werner, supra, was adopted thereafter and we note both the Bailey and Coleman opinions were written by Judge Dalton. There is no conflict between them and we hold the trial court properly struck the amendment to add the new grounds to plaintiffs' petition.

■ Plaintiffs' claim of misconduct of jurors is that Mrs. Wegmann, a juror, asked her husband for information about the use of brakes (handbrake and footbrake) on trucks, told members of the jury about his opinions and that these jurors did not report this to the court. The basis for this claim is a conversation plaintiffs' mother had with Mrs. Wegmann about two weeks after the trial, in which she said Mrs. Wegmann told her that her husband had said "the driver should have applied the hand brake." At the hearing on plaintiffs' motion for new trial, Mrs. Wegmann testified her husband told her just the opposite, namely: "he couldn't have stopped any faster by using two brakes, because he said, the hand brake was used only to keep from jackknifing." At this hearing, the court permitted testimony of other jurors

about this but they were uncertain as to what Mrs. Wegmann had said in the jury room. Our decisions have uniformly held that "a 'juror will not be heard to impeach' his and the jury's verdict, either as to conduct inside or outside the jury room, either before or after their discharge," and that "testimony of third persons as to statements of jurors tending to impeach their verdict are inadmissible, not only as hearsay but also for the same reason which excludes the affidavits or testimony of the jurors themselves." State v. Ferguson, 353 Mo. 46, 182 S.W.2d 38, 45; see also Romandel v. Kansas City Public Service Co., Mo.Sup., 254 S.W.2d 585, 595; Davis v. Kansas City Public Service Co., 361 Mo. 168, 233 S.W.2d 669, 676; see also Missouri citations 8 Wigmore on Evidence 707 and in 58 A.L.R.2d 561 annotation.

■ Plaintiffs cite Middleton v. Kansas City Public Service Co., 348 Mo. 107, 152 S.W.2d 154. In that case, a juror went to used car lots to measure the height of fenders of the same model of an automobile involved in a collision with a streetcar, on which the plaintiff in that case was a passenger. However, the evidence of his activity came from persons employed at one of the used car lots and not from jurors. As stated in Easley v. Missouri Pac. Ry. Co., 113 Mo. 236, 20 S.W. 1073: "Jurors are not permitted to impeach their verdicts by their own affidavits of misconduct * * * and still less by verbal admissions thereof to third parties." This strict rule is criticised by Wigmore but he says, Sec. 2354, most states were committed to it and that it "seems now to be firmly settled law." That is the situation in Missouri where our cases have been in accord through the years and it is a firmly established rule of public policy. We hold there was no error in overruling plaintiffs' motion for new trial.

Plaintiffs' remaining contention claiming error in dismissal of their case as to the administratrix of car owner Lovelace also involves their appeal from the order of the court overruling their motion, filed Decem-

ber 1, 1967, to declare null and void the judgment in the declaratory judgment case entered April 29, 1959 and affirmed by the St. Louis Court of Appeals (337 S.W.2d 566). Defendants and Fidelity claim the court properly overruled this motion, relying on Civil Rule 74.32, V.A.M.R., formerly RSMo 511.250, V.A.M.S., providing: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof." If the motion to declare the judgment null and void in the declaratory judgment case was properly overruled then the dismissal of the administratrix of car owner Lovelace was correct.

■ Rule 74.32 is applicable only to "an irregularity appearing on the face of the record and not on an irregularity which depends on proof dehors the record." Wooten v. Friedberg, 355 Mo. 756, 198 S. W.2d 1, 7. An examination of record in the declaratory judgment case shows in the caption as defendants "Gail Frances McDaniel, a minor, Patricia Ann McDaniel, a minor"; and it is stated in the petition (paragraph 8) "John McDaniel * * * died * * * leaving surviving him * * * as his only heirs, his children Gail Frances McDaniel, a minor and Patricia Ann McDaniel, a minor" and (paragraph 18) "Gail Frances McDaniel and Patricia Ann McDaniel, are minor children of the said John McDaniel, deceased, and will assert some claim for the death of their father." Attorneys for these minors (one being an attorney who represents them on this appeal) entered their appearance September 8, 1958, describing them as minor children, filed a motion to dismiss which was overruled and then filed an answer for them. After the declaratory judgment was entered their attorneys filed a motion for new trial for them. Thus the fact that these defendants were minors, that they were represented by attorneys and that no guardian ad litem was appointed for them clearly appeared on the face of the record. We further note the opinion of the St.

Louis Court of Appeals in the declaratory judgment case refers to "the two McDaniel minors" as defendants, 337 S.W.2d 1. c. 568; see also McDaniel v. Lovelace, Mo. App., 392 S.W.2d 422.

■ Plaintiffs claiming Rule 74.32 is not applicable cite Powell v. Gott, 13 Mo. 458. However, that case was ruled on coram nobis and not on the statute, now Rule 74.32. In that case it was not known, when the judgment was rendered, that the defendant had not attained his majority. Therefore, the judgment was based on an error of fact which did appear on the record and the remedy of coram nobis was held available. Although the court said arguendo "entering a judgment against an infant is not an irregularity, but an error," it undoubtedly meant it was an error of fact, as that was the basis of its decision. Later cases considering Rule 74.32 have said: "[T]he irregularity need not be one which would render the judgment absolutely void and therefore subject to be defeated on collateral attack." Wooten v. Friedberg, 198 S.W.2d 1. c. 7, and cases cited. We defined an irregularity therein "to be a want of adherence to some prescribed rule or mode of procedure, consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it at an unreasonable time or in an improper manner."

■ Plaintiffs are proceeding by a motion filed in the declaratory judgment case; and our view is that failure to appoint a guardian ad litem for minor defendants, as required by Civil Rule 52.-02(i), (j), (k), comes within this definition of Rule 74.32 motions. We have this view because our decisions hold "[a] judgment against an infant (as is his contract or deed) being voidable only, and not void, would not be subject to collateral attack." Reineman v. Larkin, 222 Mo. 156, 172, 121 S.W. 307, 311. "[S]uch a judgment is voidable only, and not void, and can be enforced until reversed for error, or set aside by a direct proceeding." Charley v. Kel-

ley, 120 Mo. 134, 143, 25 S.W. 571, 573; see also Little v. Browning, 287 Mo. 278, 282, 230 S.W. 92, 93; Townsend, Adm'r v. Cox, 45 Mo. 401, 42 Am.Jur.2d 158, Infants Sec. 171; 43 C.J.S. Infants § 108, p. 280; 11 L.R.A. 441 Annotation.

Of course, the judgment could have been set aside on appeal from the judgment in the declaratory judgment case but no such issue was raised on that appeal. In Reineman v. Larkin, supra (222 Mo. 1. c. 172, 121 S.W. 307) where the matter was raised on appeal the judgment was reversed and the cause remanded. Likewise in Cox v. Wrinkle, Mo.Sup., 267 S.W.2d 648, where the trial court sustained defendant infant's motion for new trial, on the ground of failure to appoint a guardian ad litem, we affirmed that order although recognizing the judgment against the minor was only voidable. See also Morgan v. Morgan, Mo.App., 289 S.W.2d 151, where judgment against a minor (for whom no guardian ad litem was appointed) was reversed and remanded on appeal. The minors in this case, defendants in the declaratory judgment case (plaintiffs in the wrongful death case) are seeking to set aside judgment in the declaratory judgment case by a motion filed seven years after the judgment in the declaratory judgment case became final after appeal. Rule 74.32 prohibits setting aside a judgment by motion "unless such motion be made within three years after the rendition thereof." Therefore the motion to declare the judgment in the declaratory judgment case null and void was properly overruled.

The judgment for defendants in the wrongful death case is affirmed and the order overruling the motion to declare the judgment in the declaratory judgment case null and void is affirmed.

PER CURIAM:

The foregoing opinion by HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.